OPINION OF THE COURT
Alexander, J.
In this action for legal malpractice based upon the alleged breach of an attorney’s duty to advise his client of potential conflicts of interest and of the possible criminal consequences of incriminating testimony given during a Martin Act hearing, the undisturbed determination of the client’s guilt in the subsequent criminal prosecution precludes him, as a matter of law, from recovering for civil damages flowing from the allegedly negligent representation.
Plaintiff, Paul Carmel, worked as a licensed securities salesman with the brokerage firm of Fittin, Cunningham & Lauzon. Among the offerings of that firm was the investment service of Michael Starbuck, Inc. & Associates. From 1978 to *172 1980, plaintiff advised various Fittin clients to transfer their securities to the Starbuck operation, promising them guaranteed returns on their investments. In January 1980, the Starbuck enterprise came under investigation for violation of State and Federal securities regulations. Plaintiff and other employees and principals at Fittin were subpoenaed by the Attorney-General to testify at a hearing incident to a Martin Act (General Business Law art 23-A) investigation of Fittin’s role in the promotion and sale of interests in Starbuck. On Fittin’s recommendation, plaintiff retained defendant law firm, Lunney & Crocco, to represent him at the Martin Act hearing. Plaintiff claims he was unaware at the time that defendants had already appeared at hearings before the Securities and Exchange Commission on behalf of Fittin principals and coemployees on the Starbuck matter. Plaintiff alleges that defendants counseled him to appear at the Martin Act hearing and to inform the Attorney-General unreservedly about his activities at Fittin. Subsequently, a Grand Jury returned two indictments charging plaintiff with various Martin Act violations, grand larceny, scheming to defraud, and conspiracy.
Defendants never represented plaintiff after the Martin Act hearing. Following his indictment, plaintiff retained the firm of Tabner, Carlson, Farrell & Cholakis, third-party defendants herein, to defend him in the criminal prosecution. Ensuing plea negotiations resulted in plaintiff pleading guilty to a misdemeanor violation of the Martin Act (General Business Law § 352-c [1] [c]), in full satisfaction of the indictments. Plaintiff then brought this malpractice action against defendants for failing to advise him of the possible criminal implications of testimony given at a Martin Act hearing, of his privilege against self-incrimination, of the possibility of receiving immunity in exchange for cooperating with the Attorney-General in furnishing evidence against actual principals in the fraud scheme, and of potential conflicts of interest stemming from defendants’ having already represented other Fit-tin associates — all in breach of their fiduciary duty, their attorney-client relationship, and the retainer agreement. Plaintiff claims damages in the amount of $2 million resulting from the revocation of his license, his loss of reputation, and his having been called upon to answer civil suits lodged against him by certain of his clients for fraudulent and deceptive practices. He also claims to have been damaged by having to plead to a misdemeanor crime in order to avoid *173 more serious felony charges for which he otherwise might never have been indicted.
Defendants moved for summary judgment contending that plaintiffs guilty plea — not any alleged attorney malpractice— constitutes the proximate cause, as a matter of law, of damages suffered. Supreme Court denied the motion, but the Appellate Division reversed, granted the motion, and dismissed plaintiffs complaint.* We now affirm.
To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense (see, Claudio v Heller, 119 Misc 2d 432), for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie. Here, because plaintiffs conviction by plea of a misdemeanor violation of the Martin Act has not been successfully challenged, he can neither assert, nor establish, his innocence. He has thus failed to state a cause of action, and his claim was properly dismissed by the Appellate Division.
As the dissenter at the Appellate Division noted, New York has traditionally applied a "but for” approach to causation when evaluating legal malpractice claims (see, Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 425; Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine, 45 NY2d 730, 732). The test is whether a proper "defense would have altered the result of the prior action” (Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine, supra, at 732; see, Parksville Mobile Modular v Fabricant, 73 AD2d 595, appeal dismissed 49 NY2d 801). To be sure, a defendant in a criminal proceeding might be able to prove malpractice by establishing that but for the negligent representation he would, for example, have invoked his 5th Amendment rights, or succeeded in suppressing certain evidence conclusive of his guilt. But, because he cannot assert his innocence, public policy prevents maintenance of a malpractice action against his attorney. This is so because criminal prosecutions involve constitutional and procedural safeguards designed to maintain the integrity of the judicial system and to protect criminal defendants from overreaching governmental actions. These aspects of criminal proceedings make criminal malpractice cases unique, and policy considerations require different pleading and substan *174 tive rules (see, e.g., Kaus & Hallen, The Misguiding Hand of Counsel — Reflections on "Criminal Malpractice”, 21 UCLA L Rev 1191).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

 The Appellate Division also dismissed the third-party complaint brought by defendants against Tabner, Carlson.