■ RICHARD WINKLER, Appellant, v MESSINGER, ALPERIN & HUFJAY et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), dated December 29, 1986, as granted the defendants' cross motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court acted properly in dismissing the plaintiff's complaint, which sought to recover damages allegedly caused by the defendants' legal malpractice. In the first instance, the complaint does not state a viable cause of action in legal malpractice since it does not allege that the plaintiff was innocent of the criminal charges lodged against him (see, Carmel v Lunney, 70 NY2d 169; Claudio v Heller, 119 Misc 2d 432). Additionally, the complaint is time barred as a result of the plaintiff's failure to institute this action within three years of the date that the defendants' representation of the plaintiff in the criminal matter terminated (see, CPLR 214 [6]; Boorman v Bleakley, Platt, Schmidt, Hart & Fritz, 88 AD2d 942; Lazzaro v Kelly, 87 AD2d 975). Moreover, to the extent that the complaint could be interpreted as asserting a cause of action to recover damages for fraud, it must fail since it does not sufficiently set forth the circumstances constituting the claimed wrong and the injury sustained (see, CPLR 3016 [b]; Black v Chittenden, 69 NY2d 665, 668). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.