■ MIKE KAPLAN, Appellant, v MEL SACHS, Respondent. [639 NYS2d 69] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Vinik, J.), dated November 10, 1994, which, in effect, granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss those causes of action sounding in legal malpractice, (2), as limited by his brief, from so much of an order of the same court, dated November 16, 1994, as granted those branches of the defendant's motion pursuant to CPLR 3211 (a) (7) which were to dismiss those causes of action sounding in legal malpractice and fraud, and to dismiss the sixth cause of action sounding in breach of contract to the extent that it sought damages beyond the pecuniary loss incurred by the plaintiff, and (3), as limited by his brief, from so much of an order of the same court, dated March 21, 1995, as, upon the plaintiff's motion for reargument, adhered to that portion of the order dated November 16, 1994, which granted the branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss those causes of action sounding in legal malpractice and, upon the defendant's motion for reargument, dismissed the sixth cause of action sounding in breach of contract in its entirety.

Ordered that the appeal from the order dated November 10, 1994, is dismissed, as that order was superseded by the order dated November 16, 1994; and it is further,

Ordered that the appeal from so much of the order dated November 16, 1994, as granted that branch of the defendant's motion which was to dismiss those causes of action sounding in legal malpractice and breach of contract is dismissed, as those portions of that order were superseded by the order dated March 21, 1995, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated

November 16, 1994, as granted that branch of the defendant's motion which was to dismiss those causes of action sounding in fraud is dismissed as academic; and it is further,

Ordered that the order dated March 21, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

This action arose from the defendant's representation of the plaintiff in a criminal proceeding wherein the plaintiff was convicted, after a jury trial, of various crimes involving the possession and sale of controlled substances. The plaintiff's conviction was later vacated pursuant to CPL article 440 on the ground of ineffective assistance of trial counsel by the defendant. Rather than proceed to a second trial, the plaintiff pleaded guilty to a single count of criminal possession of a controlled substance in the second degree as part of a negotiated plea agreement. The plaintiff then commenced this action against the defendant to recover damages for legal malpractice, breach of contract, and fraud.

The Supreme Court properly concluded that the plaintiff's plea of guilty in the criminal proceeding bars recovery for legal malpractice allegedly committed by the defendant in that proceeding (see, Carmel v Lunney, 70 NY2d 169). Regardless of the plaintiff's subjective reasons for pleading guilty, he may not now collaterally attack the conviction in this civil setting (see, Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495; State ex rel. O'Blennis v Adolf, 691 SW2d 498 [Mo]). In addition, although a cause of action to recover damages for breach of contract against an attorney may be based on an agreement to obtain a specific result or perform a specific task (see, Saveca v Reilly, 111 AD2d 493, 494-495), the plaintiff's breach of contract cause of action merely alleges that the defendant failed to exercise due care in performance of his contractual duty to represent the plaintiff. Thus, that branch of the defendant's motion which was to dismiss the breach of contract cause of action was properly granted as well.

The order dated November 16, 1994 granted that branch of the defendant's motion which was to dismiss those causes of action which were to recover damages for fraud without prejudice to the plaintiff's right to replead those causes of action. Pursuant to that order, the plaintiff filed an amended complaint which repleaded the causes of action for fraud. Thus, his contentions on this appeal with regard to the fraud causes of action contained in the original complaint are academic (see, Chalasani v Neuman, 64 NY2d 879; Morris v Goldstein, 223 AD2d 582). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.