■ PAUL R. DOYLE, Appellant, v NEIL S. RUSKIN, Respondent. [646 NYS2d 889] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated March 8, 1995, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff retained the defendant, an attorney, to represent him in a criminal action. The representation lasted approximately two months during the pre-indictment conference stage of the criminal action. After reviewing the case, the defendant recommended that the plaintiff accept a plea agreement offered by the prosecution. The plaintiff declined to do so, and thereafter retained new counsel. On June 7, 1993, while represented by new counsel, the plaintiff pleaded guilty to two counts charged in the indictment. The plaintiff subsequently commenced this action against the defendant to recover damages for legal malpractice allegedly committed during the two-month period the defendant represented him.

Contrary to the plaintiff's contention, since he has not successfully challenged his criminal conviction, he can neither assert, nor establish his innocence, and therefore failed to state a cause of action against the defendant for legal malpractice (see, Carmel v Lunney, 70 NY2d 169; Winkler v Messinger, Alperin & Hufjay, 147 AD2d 693; B. K. Indus. v Pinks, 143 AD2d 963, 965). Moreover, regardless of the plaintiff's subjective reasons for pleading guilty, he may not now collaterally attack the conviction in this setting (see, Kaplan v Sachs, 224 AD2d 666).

We have examined the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.