■ RICHARD GILL et al., Appellants, v HOWARD L. BLAU, Respondent. [651 NYS2d 182] —In an action to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (McCabe, J.), dated July 18, 1995, which granted the defendant's motion to dismiss the complaint, and (2) an order of the same court, dated May 30, 1996, which denied their motion denominated as one for leave to renew and reargue.

Ordered that the order dated July 18, 1995, is affirmed; and it is further,

Ordered that the portion of the appeal from the order dated May 30, 1996, which is from the denial of leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated May 30, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff Richard Gill, Jr., a New York resident, was charged with criminal offenses in Massachusetts arising out of his commission of assaults in that State. The defendant, a New York attorney, was retained to represent him at the ensuing jury trial which culminated in his conviction. In a postverdict motion and a subsequent appeal, Richard Gill, Jr., unsuccessfully contended, among other things, that he was denied the effective assistance of trial counsel due to the defendant's purported mishandling of his defense (*see, Commonwealth v*

*Gill*, 37 Mass App Ct 457, 640 NE2d 798). Richard Gill, Jr., and his parents, the plaintiffs Richard Gill and Lauren Gill, thereafter commenced this action to recover money damages from the defendant for legal malpractice.

The Supreme Court properly granted the defendant's motion to dismiss the complaint. Since the complaint fails to allege that Richard Gill, Jr., is innocent of the underlying criminal offenses, and the existence of his undisturbed Massachusetts conviction precludes the pleading and proving of his innocence, the plaintiffs are unable to state a cause of action for legal malpractice and are precluded from maintaining this action (*see, Carmel v Lunney*, 70 NY2d 169, 173; *Kaplan v Sachs*, 224 AD2d 666; *Winkler v Messinger, Alperin & Hufjay*, 147 AD2d 693). In any event, even if a valid legal malpractice claim could be asserted, it would be barred by the doctrine of collateral estoppel in view of the rejection by the Massachusetts courts of the challenge by Richard Gill, Jr., to the adequacy of his legal representation (*see, Rastelli v Sutter, Moffatt, Yannelli & Zerin*, 87 AD2d 865; *see generally, Williams v Abrams, Lerner, Kisseloff, Kissin & Lapidus*, 200 AD2d 420).

While Richard Gill and Lauren Gill have attempted to assert various contract and tort claims in their own right against the defendant, the complaint in actuality sounds exclusively in legal malpractice, inasmuch as it is premised on allegations arising from the defendant's purportedly inadequate legal representation of Richard Gill, Jr. The plaintiffs do not allege that the defendant promised them a specific result, and they cannot avoid dismissal of the action by mischaracterizing their malpractice claims as causes of action to recover for breach of contract and general tortious conduct (*see, Kaplan v Sachs, supra*).

The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.