■ HIT SHOW CLUB, INC., et al., Appellants-Respondents, v STEPHEN GARDNER, Respondent-Appellant, et al., Defendants.

[664 NYS2d 540] —Amended order, Supreme Court, New York County (Walter Schackman, J.), entered June 13, 1996, which dismissed the second cause of action of the amended verified complaint and dismissed the third cause of action with leave to replead, and order, same court (Lewis Friedman, J.), entered October 8, 1996, which denied defendant-appellant's motion for partial summary judgment on the first and third counterclaims of the verified answer to the second amended verified complaint, unanimously affirmed, with costs.

Dismissal of the cause of action regarding defendant-appellant's alleged dealings with a competitor was proper. In the face of unqualified affidavits by both defendant and the competitor to the effect that they had no dealings in the discount theater ticket coupon business, plaintiff offered only pure speculation on the existence of such an arrangement.

Since dismissal of the third cause of action in the first amended verified complaint was with leave to replead, and the claim was repleaded, plaintiffs' appeal from the dismissal of the third cause of action in the first amended verified complaint is academic (*see, Kaplan v Sachs*, 224 AD2d 666, *lv dismissed in part and denied in part* 88 NY2d 952). Moreover, since defendant moved for summary judgment on the repleaded third cause of action, his appeal from the first determination to the extent that the original third cause of action was not dismissed with prejudice is also academic.

As repleaded, the third cause of action adequately sets forth a demand for partial rescission of the covenant not to compete (*see, Ripley v International Rys.*, 8 NY2d 430, 437-438), and plaintiffs have adequately pleaded that compensable damages flow from the alleged breach. Plaintiffs' claim that the entire covenant not to compete is subject to rescission precludes summary resolution of defendant-appellant's counterclaims. We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.