■ ARNOLD I. BIEGEN, Appellant, v PAUL K. ROONEY, P. C., et al., Respondents. [703 NYS2d 121] —Order, Supreme Court,

New York County (Stuart Cohen, J.), entered December 29, 1997, which, in an action for legal malpractice, granted defendants' motion for summary judgment dismissing the complaint, and awarded them damages in the principal amount of $28,658.92 on their counterclaim for legal fees, unanimously affirmed, without costs.

Plaintiff claims that defendants committed malpractice by erroneously advising him, at sentencing, that any reduction for "good behavior" in his Federal sentence of 35 months for tax evasion would be applied to reduce his concurrent State sentence of 35 months to 9 years for grand larceny, such that his State sentence would be deemed served upon his release from Federal prison. The claim is barred by plaintiff's guilty plea (*Carmel v Lunney*, 70 NY2d 169), notwithstanding that the former is not asserted as a collateral attack on the latter. "*Carmel* is clear that it is public policy that prevents the maintenance of a legal malpractice action arising from negligent representation in a criminal proceeding by a plaintiff who cannot assert his innocence, and that the causal effect, or lack thereof, of the alleged malpractice on the plaintiff's conviction is irrelevant." (*Malpeso v Burstein & Fass*, 257 AD2d 476, 477.) In any event, plaintiff's claim is grounded in baseless speculation that his indeterminate State sentence of 35 months to 9 years would have been reduced to a determinate sentence of 35 months had the good behavior issue been brought to the court's attention either at sentencing or on motion made upon plaintiff's release from Federal prison. Summary judgment was properly granted on defendants' claim for legal fees based on account stated, in view of plaintiff's failure to object to defendants' invoices and the partial payments that plaintiff made (*see, Shea & Gould v Burr*, 194 AD2d 369, 371). Defendant's opposing affidavit was conclusory and failed to raise any genuine triable issues of fact (*see, supra*; *Robert Half Intl. v Re-Track USA*, 261 AD2d 376). We have considered plaintiff's other arguments and find them unpersuasive. Concur—Rosenberger, J. P., Nardelli, Mazzarelli and Wallach, JJ.