■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ROSADO, Appellant. [709 NYS2d 197] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered March 3, 1997, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is Ordered.

On October 6, 1995, at approximately 7:30 A.M., the defendant, who was driving a 30,000 pound New York City sanitation truck, went through a red light into an intersection, and

struck a car driven by Jeffrey Goulbourne, killing him. At trial, an accident reconstructionist testified that the defendant was traveling at approximately 40 to 41 miles per hour just prior to impact, in violation of the nonposted speed limit of 30 miles per hour, and approximately 28 to 30 miles per hour at impact. The defendant was arrested at the scene of the accident and taken into custody. Upon being given a breathalyzer test, the defendant's blood alcohol level registered a .03. During questioning from a detective, in response to a question as to whether the defendant had been drinking, the defendant replied, "I drank one pint of rum at home about 10:30 p.m. last night."

Over defense counsel's objection, the trial court allowed the prosecution to elicit that statement from the detective as evidence to establish the defendant's reckless course of conduct leading up to the accident. The court stated that "it explains why the defendant was engaging in the conduct in which he engaged, specifically the People's theory that the defendant went through a red light and was speeding at the time." The trial court provided a limiting instruction to the jury stating that, "I point out to the jury and instruct you in the stringest [sic] terms that the evidence you have just heard; namely, that [the defendant] drank rum the night before the accident, is not to be considered by you as evidence of intoxication or impairment." The court further admonished the jury that "Under § 1195 of the Vehicle and Traffic Law of this state * * * evidence that there was .05 of one percentum or less by weight of alcohol in such person's blood shall be prima facie evidence that the ability of such person to operate a [motor] vehicle was not impaired by the consumption of alcohol, and that such person was not in an intoxicated condition."

The defendant was charged with manslaughter in the second degree (see, Penal Law § 125.15 [1]), reckless endangerment in the second degree (see, Penal Law § 120.20), and violations of the Vehicle and Traffic Law, §§ 1180, 1180 (d) and § 1111, and convicted of manslaughter in the second degree. The defendant contends that the admission of his statement, under these facts, was unduly prejudicial and constituted reversible error. We agree.

It is well settled that all relevant evidence is admissible unless its admission violates some exclusionary rule (see, People v Scarola, 71 NY2d 769). Evidence is relevant if it has any tendency to prove the existence of any material fact (see, People v Lewis, 69 NY2d 321, 325; Richardson, Evidence § 4 [Prince 10th ed]). However, not all relevant evidence is admissible as

of right (*see, People v Scarola, supra*). Relevant evidence can be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury (*see, People v Alvino,* 71 NY2d 233, 242; *People v Acevedo,* 40 NY2d 701, 704). Here, contrary to the trial court's determination, the admission of the defendant's statement was improper, highly prejudicial, and constituted reversible error (*see, People v Scarola, supra; People v Alvino, supra; People v Acevedo, supra; People v Crimmins,* 36 NY2d 230). The statement, and the prosecution's heavy reliance on it, encouraged the jury to infer that the consumption of alcohol on the night before the fatal collision impaired the defendant's ability to drive the following morning. In light of the foregoing, the judgment of conviction is reversed and a new trial is ordered (*see generally, People v Gokey,* 2 AD2d 231). Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.