Cory A. MORRISON, Plaintiff–Appellant,

v.

Richard J. GOFF, Defendant–Appellee.

No. 01CA1565.

Colorado Court of Appeals,
Div. V.

Jan. 2, 2003.

Certiorari Granted July 21, 2003.

Cory A. Morrison, Pro Se.

Richard J. Goff, Aurora, Pro Se.

Opinion by Judge ROTHENBERG.

In this legal malpractice action, plaintiff, Cory A. Morrison, appeals summary judgment in favor of defendant, Richard J. Goff, based on the expiration of the statute of limitations. The sole issue in this appeal is whether the statute of limitations governing legal malpractice claims is tolled while a criminal defendant pursues a direct appeal or seeks postconviction relief. Because we conclude it is not tolled, we affirm.

## I.

In 1996, Morrison retained Goff to represent him in a criminal matter. After a jury trial, Morrison was convicted and sentenced to the Department of Corrections.

In May 1997, Morrison sent a letter to the Office of Supreme Court Disciplinary Counsel (now the Office of Attorney Regulation Counsel) identifying concerns about Goff's representation during the criminal proceeding. Morrison alleged several errors by Goff, including his failure to investigate the case, to call witnesses, and to consult with another attorney more experienced in criminal defense.

In 1998, Morrison's criminal conviction was affirmed on direct appeal. *People v. Morrison*, (Colo.App. No. 96CA1565, Nov. 19, 1998)(not published pursuant to C.A.R. 35(f)). Morrison then filed a Crim. P. 35(c) motion for postconviction relief based on Goff's alleged ineffective assistance of counsel.

In September 1999, while still incarcerated, Morrison filed this action against Goff for professional negligence. Goff moved for summary judgment, contending the two-year statute of limitations, § 13–80–102, C.R.S. 2002, barred the action. The court granted Goff's motion without a hearing and without ruling on Morrison's pending motions.

After this appeal was filed, the trial court in the criminal action granted Morrison's Crim. P. 35(c) motion, vacated Morrison's conviction, and ordered a new trial. By the time of the hearing, Goff also had been suspended from the practice of law. *See Goff v. People*, 35 P.3d 487 (Colo.O.P.D.J.2000).

## II.

Morrison contends the trial court erred in granting summary judgment in favor of Goff based on the statute of limitations. According to Morrison, in legal malpractice claims against criminal defense attorneys, the harm of the negligent representation becomes apparent only after appellate or postconviction relief is granted, and therefore the cause of action necessarily accrues at that time. Based on this reasoning, Morrison contends the statute of limitations should have been tolled pending the outcome of his motion for postconviction relief. We disagree.

### A. Standard of Review

A grant of summary judgment is reviewed de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

Summary judgment may be granted if the pleadings and supporting documents show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c).

The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party. *Polk v. Hergert Land & Cattle Co.*, 5 P.3d 402 (Colo.App.2000). All doubts as to whether a triable issue of fact exists must be resolved against the moving party, while the nonmoving party is entitled

to all favorable inferences that may be drawn from the undisputed facts. *Van Alstyne v. Housing Authority,* 985 P.2d 97 (Colo.App. 1999).

### B. Analysis

Section 13–80–102 provides:

(1) The following civil actions, regardless of the theory upon which the suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

(a) Tort actions, including but not limited to actions for negligence. . . .

▆ To establish a prima facie case of legal malpractice, a client must show the attorney breached a duty of care owed to the client and the client suffered damages as a result of the breach. Colorado follows the "discovery rule," which states that a legal malpractice cause of action accrues when the client discovers, or through use of reasonable diligence should have discovered, the negligent conduct and damage. *Broker House Int'l, Ltd. v. Bendelow,* 952 P.2d 860 (Colo. App.1998).

The focus is on a plaintiff's knowledge of facts that would put a reasonable person on notice of the general nature of the damage and that the damage was caused by the wrongful conduct of the attorney. *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986).

In *Jacobson v. Shine,* 859 P.2d 911 (Colo. App.1993), a division of this court held the statute of limitations in a legal malpractice action is not tolled by an appeal of the underlying civil matter. The division reasoned that once a plaintiff becomes aware of his or her attorney's negligence and incurs damage in the form of legal fees to ameliorate the effect of that negligence, the plaintiff has suffered injury for purposes of the accrual of a legal claim.

▆ However, whether the statute of limitations is tolled while a criminal defendant seeks postconviction relief appears to be an issue of first impression in Colorado. There is a split of authority on this issue in other jurisdictions. *See Gebhardt v. O'Rourke,* 444

Mich. 535, 510 N.W.2d 900 n. 11 (1994)(collecting cases).

In support of his contention, Morrison cites a number of cases, including *Shaw v. State,* 816 P.2d 1358 (Alaska 1991). Shaw was convicted in 1973, but his convictions were set aside in 1986 as being constitutionally defective. In 1988, he filed a complaint alleging that his trial counsel negligently allowed a conflict of interest to lead to the 1973 convictions, and trial counsel raised the statute of limitations as an affirmative defense.

The Alaska Supreme Court concluded Shaw's professional negligence claim was not barred by the statute of limitations. The court reasoned that a convicted criminal defendant had to obtain postconviction relief before pursuing an action for legal malpractice against his or her attorney, and that public policy required some form of postconviction relief as a prerequisite to filing a legal malpractice claim. The court explained:

This is so because criminal prosecutions involve constitutional and procedural safeguards designed to maintain the integrity of the judicial system and to protect criminal defendants from overreaching governmental actions. These aspects of criminal proceedings make criminal malpractice cases unique, and policy considerations require different pleading and substantive rules.

*Shaw v. State, supra,* 816 P.2d at 1360 (quoting *Carmel v. Lunney,* 70 N.Y.2d 169, 173–74, 518 N.Y.S.2d 605, 511 N.E.2d 1126, 1128 (1987)).

The *Shaw* court reasoned that the requirement of obtaining postconviction relief promoted judicial economy because many of the issues litigated in the quest for postconviction relief, such as proximate cause and damages, would be duplicated and relevant in the legal malpractice action. Additional benefits of requiring postconviction relief were described as follows:

[R]equiring post-conviction relief as a prerequisite to a legal malpractice action aids in determining whether the statute of limitations bars the action. By adopting the date that post-conviction relief is obtained as the trigger to the statute of limitations, we establish a bright line test which should

significantly assist courts in the resolution of statute of limitations issues.

*Shaw v. State, supra,* 816 P.2d at 1361; *see also McCord v. Bailey,* 636 F.2d 606 (D.C.Cir.1980)(summary judgment for defendant defense counsel upheld where the plaintiff's conviction on the underlying criminal charge had not been reversed on appeal or in postconviction proceedings); *Johnson v. Schmidt,* 719 S.W.2d 825, 826 (Mo.Ct.App. 1986)("The present action is premature, until such time as appellant is successful in securing post-conviction relief upon a finding that he was denied effective assistance of counsel."); *Stevens v. Bispham,* 316 Or. 221, 851 P.2d 556 (1993)(legal malpractice action did not accrue, for statute of limitations purposes, until date on which conviction was set aside and client was released).

Other jurisdictions, however, have rejected the bright line rule established in *Shaw. See Gebhardt v. O'Rourke, supra; Seevers v. Potter,* 248 Neb. 621, 537 N.W.2d 505 (1995); *see also Jepson v. Stubbs,* 555 S.W.2d 307 (Mo.1977)(setting aside of judgment of conviction is not a condition to maintaining legal malpractice suit); *Krahn v. Kinney,* 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989)(reversal of conviction on grounds of ineffective assistance of counsel is not element of legal malpractice action arising from representation in criminal case).

In *Gebhardt,* a criminal defendant argued that Michigan's statute of limitations should have been tolled until she successfully obtained postconviction relief. The Michigan Supreme Court disagreed, holding that successful postconviction relief is not a prerequisite to a claim for legal malpractice. The *Gebhardt* court was not persuaded by the policy arguments set forth in *Shaw,* when balanced against the policies underlying the statute of limitations, and it adopted another solution to the problems admittedly posed by simultaneous civil and criminal litigation:

[S]ituations are numerous where a criminal matter is pending before a court, and a related civil suit arising out of that criminal matter is also pending. Commonly, the court presented with the civil suit will yield to the criminal matter, allowing it to proceed so that the rights of the criminal defendant will not be infringed. Thus, the civil and criminal cases proceed along separate tracks, without danger that the two will collide producing waste of judicial resources or unfairness to the criminal defendant.

The "two track" approach adopted today recognizes that a criminal defendant who has initiated postconviction relief proceedings should have knowledge sufficient to have discovered his claim against his initial defense attorney for statute of limitation purposes. In order to put the defense attorney on notice that he will have to defend against a malpractice claim, and thereby honor the policies underlying the statute of limitations, the criminal defendant must file his malpractice complaint within [the statutory period].

With his claim preserved, he can and should seek a stay in the civil suit until the criminal case is resolved. The trial court handling the civil suit would have discretion regarding whether the stay would continue until judgment in the criminal matter is final or, if after the initial judgment on postconviction relief, justice would permit going forward with the civil suit while the appeal process in the criminal matter continues until final determination.

*Gebhardt v. O'Rourke, supra,* 444 Mich. at 550–51, 510 N.W.2d at 907.

The Nebraska Supreme Court adopted the reasoning of *Gebhardt* in *Seevers v. Potter, supra,* 248 Neb. at 630, 537 N.W.2d at 511, stating that "[t]he fact that the plaintiff is imprisoned subsequent to his or her conviction does not affect the plaintiff's ability to reasonably recognize that he or she might have a viable claim for legal malpractice against his or her criminal trial counsel."

■ We discern no clear majority rule, but are persuaded by the reasoning in *Gebhardt.* Its holding is consistent with the doctrine of equitable tolling, which permits the statute of limitations to be tolled only where the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts. *See Dean Witter*

*Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 1096 (Colo.1996).

Morrison does not allege that his incarceration precluded him from commencing this action earlier, and we do not address that circumstance. Also, because the issue was not raised, we do not address whether a plaintiff can prevail in a legal negligence action arising from a criminal defense without first obtaining appellate or collateral relief based on ineffective assistance of counsel.

■ In summary, we hold that the statute of limitations is not tolled while a criminal defendant either pursues a direct appeal or seeks postconviction relief. The criminal defendant must file and preserve his or her malpractice claim within the limitations period, but may seek a stay in the civil action until the criminal case is resolved. The civil trial court has discretion whether to grant such a stay. *See Gebhardt v. O'Rourke, supra.*

■ Here, the record supports the trial court's finding that Morrison discovered his cause of action for legal malpractice more than two years before he commenced this action. Morrison does not dispute that he sent a letter to the Office of Supreme Court Disciplinary Counsel in May 1997 identifying particular concerns with Goff's representation in the criminal proceedings. Morrison's September 1999 malpractice complaint described Goff's allegedly negligent conduct in similar terms.

Accordingly, we conclude the trial court did not err in determining Morrison's claim was barred by the statute of limitations and in granting summary judgment on that basis.

Judgment affirmed.

Judge TAUBMAN and Judge WEBB concur.