James D'AMATO, Plaintiff–Appellant,

v.

Charles RATTOBALLI, Defendant–Appellee.

No. 03–7538.

United States Court of Appeals, Second Circuit.

Sept. 17, 2004.

James J. D'Amato, Inverness, Florida, for Plaintiff–Appellant, pro se.

Matthew K. Flanagan, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, for Defendant–Appellee.

Present: McLAUGHLIN, CALABRESI, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.**

Plaintiff–Appellant James D'Amato appeals the dismissal of his claims against Charles Rattoballi, the attorney representing D'Amato during a criminal investigation and, subsequently, a trial that ended with D'Amato's conviction for health care fraud in violation of 18 U.S.C. § 1347. In his complaint, D'Amato alleged, *inter alia*, violations of the Fifth, Sixth, and Fourteenth Amendments, and contraventions of various criminal statutes, *see* 18 U.S.C. §§ 371, 1506, 1623, 2071. He also sought to recover for legal malpractice under New York law. Construing D'Amato's constitutional arguments under 42 U.S.C. § 1983, the district court twice dismissed the complaint, without prejudice and with leave to amend, for failure to state a claim and for want of subject matter jurisdiction.

With respect to D'Amato's claims under various criminal statutes—none of which provide for a civil remedy—we affirm dismissal for substantially the reasons expressed by the district court. We also affirm with respect to D'Amato's state law malpractice claims, for these cannot succeed under New York law. *See, e.g., Carmel v. Lunney*, 70 N.Y.2d 169, 173, 518 N.Y.S.2d 605, 511 N.E.2d 1126 (1987).

With respect to the claims under § 1983, D'Amato does not allege that Rattoballi acted under color of state law, and his § 1983 claim is therefore unavailing. *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998).

We have considered all of D'Amato's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.