■ GEORGE ROSADO, Appellant, v LEGAL AID SOCIETY et al., Respondents, et al., Defendants. [784 NYS2d 154]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 26, 2003, as granted the motion of the defendants the Legal Aid Society and Hunton & Williams for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion for summary judgment on the issue of liability against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants the Legal Aid Society and Hunton & Williams (hereinafter collectively referred to as appellate counsel) were assigned to represent the plaintiff in a criminal proceeding after he was found guilty of manslaughter in the second degree and sentenced to 3 to 9 years' imprisonment. The plaintiff was remanded to prison immediately upon the jury's verdict on or about January 13, 1997. Appellate counsel took an appeal on the plaintiff's behalf, and this Court reversed the judgment of conviction, holding that a highly prejudicial statement made by

the plaintiff to a police detective had been improperly admitted at trial, and remitted the matter for a new trial (*see People v Rosado,* 273 AD2d 325 [2000]). By then, the plaintiff had served three years of his sentence. Thereafter, rather than proceed to a second trial, the plaintiff pleaded guilty to reckless endangerment in the second degree and received a conditional discharge of one year. The plaintiff commenced the instant action, alleging, inter alia, that appellate counsel committed malpractice by failing to make a timely application to the court for his release on bail or on his own recognizance while his appeal was pending. Appellate counsel moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the issue of liability against appellate counsel. The Supreme Court, inter alia, granted appellate counsel's motion and denied the plaintiff's cross motion. We affirm.

Contrary to the plaintiff's contention, he failed to state a cause of action alleging legal malpractice against appellate counsel because he did not successfully challenge his criminal conviction and could neither assert nor establish his innocence (*see Britt v Legal Aid Socy.,* 95 NY2d 443, 446 [2000]; *Carmel v Lunney,* 70 NY2d 169, 173 [1987]; *Doyle v Ruskin,* 230 AD2d 888 [1996]; *Kaplan v Sachs,* 224 AD2d 666 [1996]). Moreover, the fact that the alleged malpractice neither induced nor otherwise had any causal effect on the plaintiff's ultimate conviction, and instead allegedly caused the plaintiff to remain in prison longer than necessary, has no bearing on the elements of the cause of action, as public policy prevents the maintenance of a malpractice action where the plaintiff cannot assert his innocence (*see Carmel v Lunney, supra; Biegen v Paul K. Rooney, P.C.,* 269 AD2d 264 [2000]; *Malpeso v Burstein & Fass,* 257 AD2d 476 [1999]). Accordingly, the Supreme Court properly granted appellate counsel's motion for summary judgment and denied the plaintiff's cross motion.

The plaintiff's remaining contention is academic. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.