■ Douglas Casement, Appellant, v Thomas J. O'Neill et al., Respondents. [812 NYS2d 649]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 3, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against his former attorneys to recover damages for legal malpractice arising from their representation of him during a criminal proceeding. The plaintiff alleged, inter alia, that the defendants knew or should have known about a serious flaw in the proof on at least one count of the indictment and that, but for the defendants' negligent representation, he would not have pleaded guilty to that count and would have suffered lesser financial fines and penalties. However, the plaintiff never successfully challenged the criminal judgment. To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, a plaintiff must allege innocence or a colorable claim of innocence of the underlying offense (*see Britt v Legal Aid Socy.*, 95 NY2d 443 [2000]; *Carmel v Lunney*, 70 NY2d 169 [1987]; *Rosado v Legal Aid Socy.*, 12 AD3d 356 [2004]). "In order to open the door for even a colorable claim of innocence, criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil suit" (*Britt v Legal Aid Socy., supra* at 447; *see Carmel v Lunney, supra* at 173-174). "It is only when the criminal proceeding has been terminated without a conviction that a plaintiff can assert innocence or at the very least a colorable claim thereof" (*Britt v Legal Aid Socy., supra* at 448). A plea of guilty bars recovery for legal malpractice, "[r]egardless of the plaintiff's subjective reasons for pleading guilty" (*Kaplan v Sachs*, 224 AD2d 666, 667 [1996]). Here, because the determination of the plaintiff's guilt on the underlying criminal judgment remains undisturbed, no cause of action lies based on legal malpractice. Contrary to the plaintiff's argument on appeal, there is no basis to distinguish this case from *Carmel* and its progeny. Thus, the Supreme Court properly granted the defendants' motion to dismiss the complaint. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.