■ JOHN DALY, Appellant, v ERNEST J. PEACE, Respondent. [863 NYS2d 770]—

In an action to recover damages for legal malpractice, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), entered January 30, 2007, which granted that branch of the defendant's motion which was for leave to renew his prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and for summary judgment pursuant to CPLR 3212, and, upon renewal, granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, he failed to state a cause of action to recover damages for legal malpractice against the defendant for the defendant's representation of him in a criminal action because, to date, he has not successfully challenged his criminal conviction and, thus, can neither assert nor establish his innocence (*see Britt v Legal Aid Socy.*, 95 NY2d 443, 446 [2000]; *Carmel v Lunney*, 70 NY2d 169, 173 [1987]; *Casement v O'Neill*, 28 AD3d 508, 509 [2006]; *Rosado v Legal Aid Socy.*, 12 AD3d 356, 357 [2004]). Although an appeal from the Supreme Court's denial of a motion brought by the plaintiff pursuant to CPL article 440 is currently pending before this Court, the plaintiff will not have a cause of action to recover damages for legal malpractice against his former criminal defense attorney unless he ultimately succeeds in his attempts to have the underlying conviction vacated and the indictment dismissed (*see Britt v Legal Aid Socy.*, 95 NY2d 443, 446 [2000]; *Carmel v Lunney,* 70 NY2d 169, 173 [1987]; *Casement v O'Neill,* 28 AD3d 508, 509 [2006]; *Rosado v Legal Aid Socy.*, 12 AD3d 356, 357 [2004]). Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.