*352 Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 12, 2007, which granted defendants’ motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.
Plaintiffs’ claim that defendants committed legal malpractice by advising plaintiff Yong Wong Park to plead guilty to a federal charge of trafficking in counterfeit goods without advising him of the immigration consequences of his guilty plea, or by giving him wrong legal advice about such consequences, is barred by Park’s undisturbed guilty plea (see Carmel v Lunney, 70 NY2d 169, 173 [1987]). We reject plaintiffs’ argument that innocence need not be alleged where, as here, the alleged malpractice related to a collateral matter (deportation) rather than the core of the criminal action (see Biegen v Paul K. Rooney, P.C., 269 AD2d 264 [2000], lv denied 95 NY2d 761 [2000]; see also Casement v O’Neill, 28 AD3d 508 [2006] [guilty plea bars malpractice claim regardless of plaintiffs subjective reasons for pleading guilty]). There are other deficiencies in the legal malpractice claim requiring its dismissal: it does not allege that “but for” defendants’ alleged malpractice Park would not have pleaded guilty (see Carmel, 70 NY2d at 173); and to the extent the claim is based on the allegation that defendants affirmatively gave Park wrong advice about the immigration consequences of a guilty plea, such allegation conflicts with, and is precluded by, contrary factual findings made in the federal proceedings in which Park sought to vacate his plea on the ground of ineffective assistance of counsel (see Siddiqi v Ober, Kaler, Grimes & Shriver, 224 AD2d 220 [1996], lv denied 88 NY2d 812 [1996]). Plaintiffs’ claim for breach of fiduciary duty, based on the allegation that one of defendants falsely testified in the federal hearing that he never gave Park any advice as to the immigration consequences of a guilty plea, is likewise barred by collateral estoppel. Plaintiffs’ claim for negligent infliction of emotional distress, which alleges that Park’s wife and children suffered emotional distress as a result of Park’s conviction, was properly dismissed for lack of an allegation showing any kind of duty owed by defendants to Park’s wife and children (see Sheila C. v Povich, 11 AD3d 120, 130 [2004]), and also because the alleged malpractice is not so extreme and outrageous as to be utterly intolerable in a civilized community (see id.; Wilson v City *353 of New York, 294 AD2d 290, 295 [2002]). Concur—Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.