■ ARDEN KAISMAN et al., Appellants, v YAHAIRA HERNANDEZ et al., Respondents. [878 NYS2d 305]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 14, 2008, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff Arden Kaisman is a pain management doctor who previously shared a work space with defendant Brisson, a spinal surgeon. After a series of sexually inappropriate acts allegedly perpetrated in the workplace by Dr. Kaisman, Dr. Brisson broke off their business relationship, started his own practice, and offered jobs to the remaining defendants. In April 2007, those employee defendants commenced an action against Dr. Kaisman, alleging sexual harassment in a hostile work environment, and assault and battery. In moving to dismiss that action, Dr. Kaisman admitted having sent several e-mails to those defen-

dants, including a video of a sexually suggestive act. In October 2007, plaintiffs brought the instant action, alleging intentional infliction of emotional distress and prima facie tort, as well as a derivative cause of action for loss of services.

Only "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress" (*Fischer v Maloney*, 43 NY2d 553, 557 [1978], quoting Restatement [Second] of Torts § 46 [1]). Prima facie tort requires a showing of intentional infliction of harm, without excuse or justification, by an act or series of acts that would otherwise be lawful, resulting in special damages (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332 [1983]).

Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference, allegations consisting of bare legal conclusions, as well as factual claims that are inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration (*Kliebert v McKoan*, 228 AD2d 232 [1996], *lv denied* 89 NY2d 802 [1996]). The documentary evidence here contradicted any finding that Dr. Kaisman may have suffered the intentional infliction of emotional distress. Attached to his motion to dismiss the prior lawsuit was an affidavit in which he admitted, inter alia, sending sexually suggestive e-mails to various employees, including the employee defendants herein. That admission constituted an informal judicial admission that was properly considered by the court in this action (*Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]). Dr. Kaisman cannot sustain a claim for the intentional infliction of emotional distress based on acts that he himself initiated. Moreover, he cannot establish an injury at the hands of these defendants resulting in special damages with respect to his business, as he himself initiated this conduct in the workplace, and thus failed to establish a requisite element of the claim of prima facie tort.

The failure of Dr. Kaisman's substantive claims is fatal to his wife's derivative claim for loss of consortium (*Young v Robertshaw Controls Co., Uni-Line Div.*, 104 AD2d 84, 88 [1984], *appeal dismissed* 64 NY2d 885 [1985]). Finally, the dismissal as against defendant Deebs was proper because she was only added as a party to this case via an untimely and unauthorized second amended complaint. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ. [*See* 2008 NY Slip Op 30329(U).]