10-2775-cv
Klein v. Talkin, Muccigrosso and Roberts, L.L.P.


## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand eleven.

PRESENT:
>
>RALPH K. WINTER,
>JOSEPH M. McLAUGHLIN,
>PETER W. HALL,
>    *Circuit Judges.*

_____

Eric A. Klein,
>    *Plaintiff-Appellant,*

-v.-                                                                                      10-2775-cv

Talkin, Muccigrosso and Roberts, L.L.P.,
>    *Defendant-Appellee*.

_____

FOR APPELLANT:          ERIC A. KLEIN, *pro se*, River Vale, New Jersey.

FOR APPELLEE:           SANFORD TALKIN, Talkin, Muccigrosso & Roberts, LLP, New York, New York.

Plaintiff-Appellant Eric A. Klein, *pro se*, appeals from the July 13, 2010 judgment of the

United States District Court for the Southern District of New York (Swain, *J.*) granting the

1

Appellee's motion to dismiss Klein's malpractice claims.[1] **UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

This Court reviews the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). This Court reviews the denial of a motion for appointment of counsel for abuse of discretion. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010).

"The elements of legal malpractice under New York law are (1) a duty, (2) a breach of the duty, and (3) proof that the actual damages were proximately caused by the breach of the duty." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 117 (2d Cir. 2002) (internal quotation marks and citations omitted). To raise a legal malpractice claim in New York, arising from a criminal proceeding, the "plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Carmel v. Lunney*, 70 N.Y.2d 169, 173 (1987) (internal quotation omitted). New York courts have not limited this requirement to malpractice claims relating to the conviction, but, rather, have held that "[t]he fact that respondent's alleged negligence did not contribute to petitioner's criminal conviction is irrelevant." *Swain v. County of Albany*, 268 A.D.2d 747, 748 (3d Dep't 2000); *see Rosado v. Legal Aid Society*, 12 A.D.3d

---

[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

356, 357 (2d Dep't 2004) ("[P]ublic policy prevents the maintenance of a malpractice action where the plaintiff cannot assert his innocence").

Thus, there is no merit to Klein's contentions that his malpractice claims related to his sentencing are not barred by *Carmel*. *See, e.g., Biegen v. Paul K. Rooney, P.C.*, 269 A.D.2d 264, 265 (1st Dep't 2000) (finding claim that attorney provided erroneous advice about length of sentence implicated *Carmel*, "notwithstanding that the [claim] is not asserted as a collateral attack on the [conviction]"). The district court also properly dismissed Klein's malpractice claim based on Talkin, Muccigrosso and Roberts, L.L.P's failure to contest the post-judgment lien. The only damages Klein alleged that he suffered due to appellee's failure to contest the lien were the outstanding amount of restitution, which was due regardless of the lien. *See Senise v. Mackasek*, 227 A.D.2d 184, 185 (1st Dep't 1996) (affirming dismissal of malpractice claim based on attorney's failure to "properly raise and fully argue on appeal the propriety of the trial court order obligating plaintiff to make restitution" in a civil case because, given that "the damages sustained by plaintiff in that action were proximately caused by plaintiff's own conduct . . . which authorized the trial court to require restitution," the attorney's actions were not the cause of the damages). Additionally, Klein has failed to allege that appellee's failure to contest the lien was the cause of any damages, as the existence of the lien did not require Klein to pay the full amount of restitution. Moreover, although the premise of Klein's claim is that the appellee should have moved to vacate the lien and, instead, offered other property as security, at the time of the entry of the judgment, the Government acquired a lien on all of Klein's property. *See* 18 U.S.C. § 3613(c); *Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002).

3

The district court did not abuse its discretion by denying Klein appointment of counsel. Klein never formally moved for counsel and, in any event, he has not demonstrated that appointment of counsel was warranted, given that the legal issues in this case are not complex and, as a former attorney, Klein was able to present his arguments effectively. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (setting forth factors courts should consider in determining whether to appoint counsel).

We have considered all of the appellant's other arguments and find them to be without merit.[2] Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] On appeal Klein also alleges that the appellee committed legal malpractice by failing to enforce an indemnity agreement with his co-defendant, which, according to Klein, would have required the co-defendant to pay Klein's legal fees. As Klein failed to include such allegations in his second amended complaint before the district court, *see* ROA doc. 43, he is barred from raising the issue at this point in time.

4