09-3170-cv
Sash v. Rosahn

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

---------------------------------------------------------------------------------------

ELIOT S. SASH, JOYCE GARLAND-SASH,
*Plaintiffs-Appellants*,

v.                                                                          No. 09-3170-cv

EVE ROSAHN, individually, in her capacity as the Supervising Attorney for the Parole Revocation Unit of Defendant The Legal Aid Society, THE LEGAL AID SOCIETY OF NEW YORK,
*Defendants-Appellees.*

---------------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        ELIOT S. SASH, *pro se*, Joyce Garland-Sash, *pro se*, Bloomfield, New Jersey.

APPEARING FOR APPELLEES:          PETER I. LIVINGSTON, Deborah B. Koplovitz, Rosen Livingston & Cholst LLP, New York, New York.

Appeal from a judgment the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 17, 2009, is AFFIRMED.

Plaintiff Eliot S. Sash appeals from an award of summary judgment in favor of the defendants, Eve Rosahn, Sash's court-appointed criminal lawyer at his parole violation hearing, and Rosahn's employer, the Legal Aid Society, on claims that they denied Sash due process and committed malpractice, defamation, and intentional or negligent infliction of emotional distress.[1] We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party, see Amador v. Andrews, 655 F.3d 89, 94 (2d Cir. 2011), and applying New York law to plaintiffs' state law claims, see Giordano v. Market Am., Inc., 599 F.3d 87, 94 (2d Cir. 2010). We assume familiarity with facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Federal Claims

Insofar as Sash raises a due process claim under 42 U.S.C. § 1983, we affirm the award of summary judgment because a court-appointed criminal defense attorney does not act under color of state law when representing a client, such as Sash, at a parole revocation hearing. See Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997).

_____

[1] Sash's wife, Joyce Garland-Sash, filed the notice of appeal with her husband from the dismissal of her claim for loss of consortium. Because the claim is derivative, she filed no separate brief and, thus, our resolution of Eliot Sash's appeal also resolves that of Joyce Garland-Sash.

2.    State Claims

Summary judgment was properly granted on Sash's malpractice claim because Sash pleaded guilty to violating his conditions of parole and has not demonstrated that his adjudication of guilt has been overturned or vacated. See Carmel v. Lunney, 70 N.Y.2d 169, 173, 518 N.Y.S.2d 605, 607 (1987) ("[S]o long as the determination of [plaintiff's] guilt . . . remains undisturbed, no [malpractice] cause of action will lie."); accord Shields v. Carbone, 78 A.D.3d 1440, 1443, 913 N.Y.S.2d 354, 357 (3d Dep't 2010); Sgambelluri v. Ironman, 78 A.D.3d 924, 925, 911 N.Y.S.2d 427, 429 (2d Dep't 2010). Contrary to Sash's representations, the order issued by the New York State Supreme Court on October 4, 2005, did not vacate his parole violation, but merely scheduled a date by which the New York State Division of Parole had to respond to Sash's motion to show cause why his parole violation should not be vacated and expunged. This is insufficient to sustain Sash's burden on summary judgment to demonstrate a colorable claim of innocence to support his malpractice action. See Carmel v. Lunney, 70 N.Y.2d at 173, 518 N.Y.S.2d at 607.

Sash's defamation and infliction of emotional distress claims also fail as a matter of law. To the extent Sash claims that Rosahn defamed him during the revocation hearing, counsel's statements are privileged and not actionable. See Wiener v. Weintraub, 22 N.Y.2d 330, 331, 292 N.Y.S.2d 667, 668 (1968) ("There can, of course, be no doubt that statements made by counsel and parties in the course of judicial proceedings are privileged as long as such statements are material and pertinent to the questions involved . . . ." (internal quotation marks omitted)); accord Kilkenny v. Law Office of Cushner & Garvey, LLP, 76 A.D.3d 512,

513, 905 N.Y.S.2d 661, 662 (2d Dep't 2010). Insofar as Sash claims that Rosahn defamed him after the conclusion of Sash's parole revocation hearing, the statements at issue are expressions of opinion, rather than assertions of fact, which are privileged and not actionable under New York law. See Mann v. Abel, 10 N.Y.3d 271, 276, 856 N.Y.S.2d 31, 32–33 (2008) ("Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation."); accord Epifani v. Johnson, 65 A.D.3d 224, 234–35, 882 N.Y.S.2d 234, 243 (2d Dep't 2009). Sash's infliction of emotional distress claim fails because the record does not permit a finding of the sort of "extreme and outrageous" conduct necessary to establish liability. See Mazzacone v. Corlies Assocs., 21 A.D.3d 1066, 1067, 802 N.Y.S.2d 182, 183 (2d Dep't 2005) (holding that summary judgment was appropriate because alleged conduct was not "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (quoting Fischer v. Maloney, 43 N.Y.2d 553, 557, 402 N.Y.S.2d 991, 993 (1978))).

3.    Loss of Consortium

Because we dismiss all of Sash's claims for relief, we also dismiss Joyce Garland-Sash's derivative claims for loss of consortium during the period of Sash's imprisonment. See, e.g., Clarke v. City of New York, 82 A.D.3d 1143, 1144, 920 N.Y.S.2d 913, 914 (2d Dep't 2011); Kaisman v. Hernandez, 61 A.D.3d 565, 566, 878 N.Y.S.2d 305, 307 (1st Dep't 2009).

4

4.      Conclusion

We have considered plaintiffs' remaining claims and find them to be without merit.

The judgment of the district court is AFFIRMED.

                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, Clerk of Court

5