■     CHARLES P. MARTIN, Respondent, v. ALABAMA 84 TRUCK RENTAL, INC., et al., Appellants, et al., Defendant.— In consolidated actions to recover damages for personal injuries, defendants Alabama 84 Truck Rental, Inc., Yum Yum Baking Co. Inc. and Gerald Devorin appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered January 28, 1971, as is in favor of plaintiff against them, upon successive verdicts of a jury after a split trial (separately as to liability and damages), the verdict as to damages totaling $72,442. Judgment reversed insofar as appealed from, on the law and the facts, and new trial granted, with costs to abide the event. On a clear night, in light traffic, plaintiff drove into the rear of a stalled truck owned by defendant Alabama, leased to defendant Yum Yum and operated by defendant Devorin. The accident occurred on a four-lane street, with two eastbound lanes and two westbound lanes. Before the accident, plaintiff had been driving east in the right-hand lane at 30 miles per hour, about 65 feet behind a panel truck. The panel truck slowed down to about 15 miles per hour, so plaintiff swung out into the left-hand eastbound lane and increased his speed in order to pass it. Plaintiff testified that as he was swinging out he saw defendants' truck ahead of him in the left-hand lane and it appeared to be moving; that when he got out into the left-hand lane and was about 60 feet from defendants' truck he saw that it was not moving and had broken down in the left-hand lane; that he was then alongside the panel truck that he was passing and, thinking that he did not have time to stop without hitting defendants' truck he "stepped on the gas and swung to the right to try and beat the [panel] truck on  *  *  *  [his] right without hitting  *  *  *  [defendants'] truck in front of  *  *  *  [him] "; that when he saw he "wasn't going to make it" he applied his brakes but did not stop in time and ran into the rear of defendants' truck. Plaintiff further testified that he saw no flares or lamps in the roadway behind defendants' truck, contrary to the testimony of defendant Devorin and two police officers who testified that there were a flare and a battery-powered lamp about 60 feet behind defendants' truck; and plaintiff's testimony was further contradicted by a police report and photographs showing such flare and lamp in the roadway. On this record, we believe the jury's finding that plaintiff was free of contributory negligence is against the weight of evidence. Moreover, there were several material errors in rulings on propounded questions and in refusing a request to charge that would alone justify reversal and a new trial. *First*: On the cross-examination of plaintiff he conceded he had been using eyeglasses for 15 years but was not wearing them at the time of the accident. The trial court then sustained an objection to a question whether his operator's license had been restricted to

driving with eyeglasses. We believe this ruling was erroneous, since in this case the question of plaintiff's ability accurately and promptly to see a flare and the movement or lack of movement of defendant's truck was of critical importance and a license restriction to driving with eyeglasses would clearly be relevant not only on the question of acuity of his vision but also on the question of contributory negligence, in view of his concession that he was not wearing glasses, in violation of that restriction, at the time of the accident. *Second*: The trial court similarly sustained an objection to a question whether plaintiff had failed " a driving test because of poor vision " shortly before this accident. This, too, we believe was error, for the same reasons as those just stated. *Third*: In his main charge, the Trial Justice submitted to the jury the question whether plaintiff was confronted with an emergency situation, and then generally stated the applicable rule " If a man is confronted with a dangerous situation not of his own making "; and he did not instruct the jury as to the applicable rule if plaintiff's own conduct caused or contributed to the emergency situation. The court then refused defendants' request for a charge that, " On the question of emergency situation as you did charge the jury," plaintiff was not entitled to recover " If the jury finds that the speed of * * * [plaintiff's] vehicle was the cause of the emergency situation ". It is true that the request, read as a whole, was ineptly worded, but it is apparent that it was intended to correct the omission in the main charge concerning the rule where plaintiff himself had caused the emergency situation. While the court may have been technically correct in refusing the request, in view of its ambiguity and poor phrasing, we think it would have been preferable for the court to reframe it properly and charge its substance to the jury, since the omission of its subject matter from the main charge left the jury without guidance on this point. Munder, Martuscello and Benjamin, JJ., concur. Hopkins, Acting P. J., and Brennan, J., dissent and vote to affirm.