■ CHARLES P. MARTIN, Appellant, v ALABAMA 84 TRUCK RENTAL, INC., et al., Respondents, et al., Defendant.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 11, 1973, which, *inter alia,* is in favor of respondents and against him, upon a jury verdict. Judgment affirmed, without costs or disbursements. No opinion. Latham, J. P., Damiani and Hawkins, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which O'Connor, J., concurs: The judgment appealed from, entered in favor of respondents, represents the culmination of the second trial of this negligence action between the parties. The first trial resulted in a jury verdict and judgment in favor of the plaintiff. On appeal to this court, that judgment was reversed and a new trial granted on the ground that the jury verdict was against the weight of the evidence and on the separate ground that certain errors of law committed by the trial court in its rulings and in its charge deprived the respondents herein of a fair trial *(Martin v Alabama 84 Truck Rental,* 38 AD2d 577). Notwithstanding the fact that the first verdict in favor of plaintiff was set aside as against the weight of the evidence, and that the second verdict entered herein in favor of respondents has not been attacked by plaintiff on this appeal as being against the weight of the evidence, it is, nevertheless, my view that the judgment herein must be reversed and a third trial granted due to the cumulative effect of several errors committed by the trial court in its charge and during the trial. The factual background of the case is as follows: On November 19, 1963, at

approximately 8:30 P.M., plaintiff drove into the rear of a stalled truck owned by respondent Alabama 84 Truck Rental, leased to respondent Yum Yum Baking Co., Inc., and operated by respondent Devorin. The accident occurred on a four-lane street, with two eastbound lanes and two westbound lanes. Before the accident, plaintiff had been driving east in the right hand lane at about 30 to 35 miles per hour and was several car lengths behind a panel truck. Approximately two blocks from the scene of the accident, the panel truck slowed to a speed of 15 miles per hour. Plaintiff then started to move into the left eastbound lane in order to pass the panel truck. Before doing so, he checked to make sure that no eastbound traffic was coming from his rear. In the process of passing the panel truck, he noticed another truck in the left lane, approximately 100 feet ahead, which, according to plaintiff, appeared to be moving. Once he was fully in the left lane, he realized that the truck, which was now 60 feet ahead of him, was stalled. At this point, plaintiff was going 30 to 35 miles per hour, the panel truck was alongside of him, on his right, and oncoming westbound traffic was on his left. Plaintiff concluded that he could not stop without hitting respondents' truck. Plaintiff further testified that he never saw any flares or lamps in the roadway behind that truck, but this testimony was contradicted by respondents' witnesses. In this factual context, it is my view that in the several instances which follow, the trial court's charge to the jury may have prejudiced plaintiff's case: (1) The court denied plaintiff's request to specifically charge that if plaintiff was confronted with an emergency situation, a violation of the speed limit requirements may have been justified. Plaintiff's request on this crucial issue was appropriate and the court's denial of same was error (see *Hart v Scribner,* 44 AD2d 59). (2) The trial court charged that "it was not the duty of the defendant[s] to clear the highway." This statement was improper since it may have conveyed the impression to the jury that respondents had no duty at all to take any measures to warn oncoming motorists of the stalled truck. (3) The court charged the jury that "the plaintiff * * * charges that the defendant owner of the vehicle was negligent in renting that vehicle to the Yum Yum Baking Company, and Yum Yum Baking Company was negligent in letting Devorin drive that vehicle." No such claim was made by plaintiff and this charge could only have confused the jury about the true issues in the case. Of equal harm to plaintiff's case were two instances during the trial where the court allowed plaintiff's credibility to be impeached in an improper manner. In sustaining an objection to an inquiry by the plaintiff's counsel as to whether plaintiff had been involved in any accidents or received any summonses prior to the accident, the court stated: "We have enough to do with trying this case, without trying any others * * * We are not concerned with that, we are not going to try those cases." By this remark, the court improperly conveyed the impression to the jury that plaintiff had in fact been in other accidents and had received summonses. One final error must be discussed. During the trial plaintiff admitted, on cross-examination, that he was operating his car without a license and that his previous license had expired in about 1958. Plaintiff also testified that he had obtained a learner's permit but never had time to go for a road test. At the conclusion of plaintiff's testimony, the court excused the jury and conducted an examination of plaintiff concerning matters that had not been raised previously so that, in the court's own words, "an appellate court will have this information before it if it goes to an appellate court." During the course of this questioning by the court, plaintiff admitted that he never obtained a learner's permit but had merely obtained the necessary papers, which he never filled out completely and

never filed. This admission contradicted plaintiff's prior testimony regarding the learner's permit. Thereafter, the jury was recalled and the trial court, over the objection of plaintiff's counsel, allowed respondents' attorney to pursue this matter in the presence of the jury. This ruling of the trial court was erroneous. By the court's own words, plaintiff's responses to its queries were not meant for the jury's ears. Moreover, plaintiff's admission regarding the learner's permit was never elicited by defense counsel during his allotted cross-examination of plaintiff. Therefore, the trial court's ruling only served to improperly bolster respondents' case. Accordingly, a new trial must be granted.