■ PATRICIA B., Appellant, v MATTHEW BROWN, Defendant, and VANGUARD TOURS, INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Ferraro, J.), dated August 27, 1987, which, upon an order of the same court, dated July 22, 1987, granting the motion of Vanguard Tours, Inc., for summary judgment, dismissed the complaint insofar as it is asserted against that defendant. The plaintiff's notice of appeal from the order dated July 22, 1987, is deemed a premature notice of appeal from the judgment entered thereon (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

During the early morning hours of May 23, 1981, the plaintiff was walking on a public street in Ossining, New York, when she was accosted by the defendant Matthew Brown who claimed that he had a knife and demanded that she walk with him to a bus parking lot owned by Vanguard Tours, Inc. (hereinafter Vanguard) located some 100 yards away. Once in the parking lot, the plaintiff was forced into an unlocked bus where she was raped, sodomized and robbed. The plaintiff subsequently commenced this action against both Brown and Vanguard to recover damages for emotional trauma and physical injuries resulting from the attack. The plaintiff contends that Brown, a former Vanguard employee, had slept in a bus on Vanguard's property and that his presence created a known, dangerous condition which obligated Vanguard to control his behavior. The Supreme Court granted summary judgment to Vanguard and the plaintiff appeals.

We agree with the Supreme Court, Rockland County, that no duty may be imposed upon Vanguard to protect the plaintiff from the criminal acts of Brown. While a duty may be

imposed on a landowner to take minimal security precautions to protect tenants and visitors from reasonably foreseeable criminal activities of third parties on the landowner's premises, at bar, neither the plaintiff nor the crimes were connected with the premises (see, Waters v New York City Hous. Auth., 69 NY2d 225). Despite the plaintiff's contentions to the contrary, even if Brown were a trespasser sleeping in the bus, Vanguard had neither the ability nor a reasonable opportunity to control those acts of Brown's which caused harm to the plaintiff. We note that there is no evidence of prior violence on Vanguard's premises and nothing to indicate that Vanguard had notice that Brown's conduct was likely to endanger the safety of others (see, De Ryss v New York Cent. R. R. Co., 275 NY 85; cf., Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Blatt v New York City Hous. Auth., 123 AD2d 591, lv denied 69 NY2d 603). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.