■ MOIRA LEDDA, Plaintiff, v DAVID MINKIN et al., Appellants, and REVERE CUSTODIAL SERVICES, INC., et al., Respondents.—In an action to recover damages for personal injuries, the defendants David Minkin and Campus Hall Apartments, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Lonschein, J.), dated June 4, 1987, as, at the close of the evidence during a jury trial, dismissed their cross claim against the defendants Revere Custodial Services, Inc. and McCleans Service, Inc.

Ordered that the judgment is reversed insofar as appealed from, on the law, the cross claim of the defendants Minkin and Campus Hall Apartments, Inc., against the defendants Revere Custodial Services, Inc. and McCleans Service, Inc. is reinstated and severed, and the cross claim is remitted for a new trial, with costs to abide the event.

The plaintiff commenced the instant action to recover damages for personal injuries she sustained when she fell on an icy path outside her apartment complex on Sunday, January 24, 1982. The plaintiff alleged that the defendants Minkin and Campus Hall Apartments, Inc. (hereinafter Campus Hall), who owned the apartment complex, and the defendant Revere Custodial Services, Inc. (hereinafter Revere) and McCleans Service, Inc. (hereinafter McCleans), the management companies for the apartment building, were negligent in failing to remove the snow and ice which had accumulated on the building's walkways. In answering the complaint, Minkin and

Campus Hall cross-claimed against Revere and McCleans to recover all or part of any money judgment which the plaintiff might recover against Minkin and Campus Hall. During the trial on the issue of liability, the court dismissed the cross claim of Minkin and Campus Hall against Revere and Mc-Cleans on the basis that Minkin and Campus Hall failed to establish, as a matter of law, that Revere and McCleans breached their contractual obligations to Minkin. The court had · also previously dismissed the plaintiff's complaint as against Revere and McCleans on the basis that the plaintiff was not a third-party beneficiary but rather an incidental beneficiary of the contract between the defendants Minkin and Campus Hall and the defendants Revere and McCleans. The jury thereafter rendered a verdict in favor of the plaintiff and against Minkin and Campus Hall on the issue of liability. On appeal, Minkin and Campus Hall argue that the trial court erred in dismissing their cross claim against Revere and McCleans. We agree.

The evidence adduced at trial established that under the terms of the management contract, Revere and McCleans were expressly obligated to remove the snow and ice on the building's walkways from Monday through Friday. Although it had snowed on the Saturday evening immediately prior to the plaintiff's fall, the plaintiff presented several witnesses, including the plaintiff herself, who testified that the building's walkways during the week prior to the accident had not been cleared of the accumulated snow and ice. The plaintiff also provided the testimony of a meteorological consultant who stated that during the snowfall on the evening of January 23, 1982, the temperature was approximately 45 degrees which would cause the snow and ice that had previously accumulated on the walkways to thaw. Moreover, during the early morning hours on January 24, 1982, the temperature dropped below freezing thereby causing the melted ice and snow trapped under the newly fallen snow to freeze and form ice. Given this evidence which, when viewed in the light most favorable to Minkin and Campus Hall, indicates that Revere and McCleans did not fulfill their contractual obligations of removing the snow and ice on the walkways during the week prior to the plaintiff's accident and that the failure of Revere and McCleans to do so may have contributed to or caused the icy conditions which precipitated the plaintiff's fall, we conclude that the trial court erred in failing to submit the cross claim of Minkin and Campus Hall against Revere and Mc-Cleans to the jury for its resolution (see, *Dolitsky v Bay Isle*

*Oil Co.,* 111 AD2d 366; *O'Neil v Port Auth.,* 111 AD2d 375). Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.