■ MARIA M. PAZ et al., Plaintiffs, v PENSON/IMPROVED DWELLINGS COMPANY, Defendant and Third-Party Plaintiff-Respondent. EPIC SECURITY LIMITED, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated August 30, 1988, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Maria M. Paz, a tenant in an apartment complex owned by defendant, was attacked by an intruder while she was in a portion of the premises and seeks to recover damages for injuries thereby sustained. The defendant impleaded EPIC Security Limited (hereinafter EPIC), alleging the existence and breach of an oral contract to provide security services for the premises. Asserting that its obligation was only to provide one unarmed security guard for the defendant's entire complex of five buildings, EPIC moved for summary judgment on the theory that it had no opportunity or duty to prevent the harm which caused Mrs. Paz's injuries *(see, Patricia B. v Brown,* 149 AD2d 450), and therefore it is not liable to the defendant either for contribution or indemnification *(cf.,* CPLR 1007). However, inasmuch as the present record reveals the existence of questions of fact, *inter alia,* as to the nature and terms of EPIC's obligations to the defendant, we cannot say, as a matter of law, that EPIC has no liability to the defendant on account of any damages the defendant may be compelled to pay to the plaintiff *(see, Miller v State of New York,* 62 NY2d 506; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *see also, Ledda v Minkin,* 149 AD2d 471). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.