■ TIMOTHY KULIER, an Infant, by His Mother and Natural Guardian, MARYANN KULIER, et al., Respondents, v HARRAN TRANSPORTATION CO., INC., et al., Defendants, and MANUFACTURERS HANOVER TRUST CO. et al., Appellants. (Action No. 1.) ERIC JOHNSON, an Infant, by His Mother and Natural Guardian, SALLY JOHNSON, et al., Respondents, v HARRAN TRANSPORTATION CO., INC., et al., Defendants, and MANUFACTURERS HANOVER TRUST CO. et al., Appellants. (Action No. 2.) JANICE M. BACHTELER, an Infant, by Her Mother and Natural Guardian, MARGARET BACHTELER, et al., Respondents, v HARRAN TRANSPORTATION CO., INC., et al., Defendants, and MANUFACTURERS HANOVER TRUST CO. et al., Appellants. (Action No. 3.) —In three negligence actions to recover damages for personal injuries, etc., the defendants Manufacturers Hanover Trust Co. and Sears, Roebuck and Company separately appeal from three orders of the Supreme Court, Nassau County (O'Shaughnessy, J.), all entered September 19, 1990, which denied their motions to dismiss the complaints insofar as they are asserted against them for failure to state a cause of action, or for summary judgment.

Ordered that orders are reversed, on the law, with one bill of costs, those branches of the appellants' motions which were for summary judgment dismissing the complaints insofar as they are asserted against them are granted, and the actions against the remaining defendants are severed.

These actions, insofar as they involve the appellants Sears, Roebuck and Company (hereinafter Sears) and Manufacturers Hanover Trust Co. (hereinafter MHT), are premised on the claim that the defendant Robert Izzo, while in the course of driving the infant plaintiffs to and from school as an employee of the defendant Harran Transportation Co., brought the children onto property owned by Sears and MHT, where he sexually molested them. Sears interposed an answer and thereafter moved to dismiss the complaints for failure to state a cause of action or for summary judgment. MHT, on the other hand, in lieu of answering, moved to dismiss the complaints for failure to state a cause of action, and additionally

requested that its motion be treated as one for summary judgment pursuant to CPLR 3211 (c). The Supreme Court denied the motions, finding that the complaints properly stated causes of action sounding in negligence against Sears and MHT, and that there existed questions of fact concerning whether Sears' and MHT's security personnel were negligent in the performance of their duties. We disagree and reverse.

Where, as here, there is no relationship between the landowners and the perpetrator of the crime, and there is no connection between the plaintiffs and the subject premises independent of the crime itself, no duty may be imposed on the landowners to protect the plaintiffs from criminal acts (see, Waters v New York City Hous. Auth., 69 NY2d 225; Patricia B. v Brown, 149 AD2d 450; Parker v D/U Third Realty Co., 141 AD2d 301; see also, Musinski v Harran Transp. Co., 189 AD2d 804 [decided herewith]). Although the plaintiffs were not given formal notice by the Supreme Court of its intention to treat MHT's motion as one for summary judgment, we nevertheless conclude that summary judgment treatment is appropriate under the circumstances of this case, since the parties charted a course for summary judgment (see generally, Mihlovan v Grozavu, 72 NY2d 506; Four Seasons Hotels v Vinnik, 127 AD2d 310). Furthermore, under the circumstances, the question presented is a purely legal one (see, Eiseman v State of New York, 70 NY2d 175; Waters v New York City Hous. Auth., 69 NY2d 225, supra; see generally, Mihlovan v Grozavu, supra; Four Seasons Hotels v Vinnik, supra).

Accordingly, Sears and MHT are awarded summary judgment dismissing the complaints insofar as they are asserted against them. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.