■ David J. Musinski, an Infant, by Roman Musinski, His Parent and Natural Guardian, et al., Respondents, v Harran Transportation Company, Inc., et al., Defendants, and Sears, Roebuck and Company, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Sears, Roebuck and Company appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated November 8, 1990, which denied its motion to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action, or for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, the complaint is dismissed insofar as it is asserted against Sears, Roebuck and Company, and the action against the remaining defendants is severed.

These actions, insofar as they involve the moving defendant Sears, Roebuck and Company (hereinafter Sears), are premised on the claim that the defendant Robert Izzo, while in the course of driving the infant plaintiffs to and from school as an employee of the defendant Harran Transportation Company, Inc., brought the children onto property owned by Sears, where he sexually molested them. However, where, as here, there is no relationship between the landowner and the perpetrator of the crime, and there is no connection between the plaintiffs and the subject premises independent of the crime itself, no duty may be imposed on the landowner to protect the plaintiffs from criminal acts *(see, Waters v New York City Hous. Auth.,* 69 NY2d 225; *Patricia B. v Brown,* 149 AD2d 450; *Parker v D/U Third Realty Co.,* 141 AD2d 301; *see also, Kulier v Harran Transp. Co.,* 189 AD2d 803 [decided herewith]). Accordingly, Sears is awarded summary judgment dismissing the complaint insofar as it is asserted against it. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.