█ NEW FRANKLIN NURSING HOME, INC., et al., Appellants-Respondents, v ANTONIA NOVELLO et al., Respondents-Appellants. [747 NYS2d 572]

In 1990 the plaintiffs applied to the defendant Department of Health of the State of New York (hereinafter the DOH) for permission to establish and construct a nursing home in Queens. The following year, the application received conditional approval. The plaintiffs then took steps to satisfy the various contingencies which were placed on its approval.

On August 3, 2000, the DOH announced that there would be a temporary moratorium on the processing of all applications for the establishment and construction of nursing homes which had only been conditionally approved. Those applications were denominated as "pipeline" applications. During the time that the moratorium was in effect, the DOH, which was concerned about a possible overabundance of nursing home beds in this state in the future, would consider possible changes to the existing methodology by which the need for nursing home beds was determined (see 10 NYCRR 709.3). By August 3, 2000, the plaintiffs satisfied all applicable contingencies, except for the requirement that they secure a commitment for a permanent mortgage from a recognized lending institution at a prevailing rate of interest deemed acceptable by the DOH.

The plaintiffs, whose project application, according to the DOH, was among those in the "pipeline" subject to the moratorium, commenced this action in late 2000, seeking declaratory and injunctive relief, essentially claiming that the moratorium was unconstitutional and, in any event, inapplicable to their application. Without ruling on the validity of the moratorium, the Supreme Court ultimately denied the plaintiffs' motion for injunctive relief pursuant to Public Health

Law § 2801-c, finding that theirs was a "pipeline" project subject to the moratorium.

The plaintiffs contend that the Supreme Court erred in failing to invalidate the moratorium on the ground that it was not a valid exercise of the DOH's authority. This claim is without merit, as we have recently determined in *Sheffield Towers Rehabilitation & Health Care Ctr. v Novello* (293 AD2d 182), that the declaration of this particular moratorium was within the commissioner's inherent discretionary power and was consistent with the proper exercise of a statutory duty to authorize only construction of necessary facilities (*see also Matter of Jay Alexander Manor v Novello,* 285 AD2d 951).

The plaintiffs further contend that the Supreme Court erred in finding that their project was subject to the moratorium. Contrary to the plaintiffs' contention, the approval for their project application was nonfinal, and remained as such when the moratorium was issued, as they had not yet satisfied all necessary contingencies for final approval by the DOH. Accordingly, the Supreme Court properly denied the plaintiffs' motion for an injunction pursuant to the Public Health Law (*see Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88; *Sheffield Towers Rehabilitation & Health Care Ctr. v Novello, supra*).

However, we agree with the defendants' contention that they are entitled to summary judgment for a declaration in their favor. Summary judgment treatment of a motion to dismiss for failure to state a cause of action is appropriate where, as here, the parties charted a course for summary judgment, and the questions presented are purely legal, even though formal notice to do so has not been given (*see Kulier v Harran Transp. Co.,* 189 AD2d 803, 804; *cf. Mihlovan v Grozavu,* 72 NY2d 506, 508). Under the circumstances, the defendants established their entitlement to judgment as a matter of law.

In light of the representations made by the Assistant Solicitor General at oral argument of this appeal, we direct the defendants to submit to the State Hospital Review and Planning Council (hereinafter the SHRPC) the methodology in question on or before the latest date for it to be considered at the December 5, 2002, meeting of the SHRPC. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.