■ Dennis C. Hummel et al., Respondents, v County of Nassau et al., Defendants, and Stephen A. Minio et al., Appellants. [869 NYS2d 169]—

The plaintiffs' decedent Rosann Hummel was killed when a

motor vehicle she was operating collided with one operated by the defendant Stephen A. Minio (hereinafter Stephen), who was 16 years of age and the holder of a junior driver's license at the time of the accident. The car he was operating was owned by his mother, the defendant Anne L. Minio. The plaintiffs subsequently commenced the instant action, alleging, inter alia, that Stephen's mother and his father (hereinafter together the parents), negligently entrusted the car to him. Stephen and his parents moved for summary judgment dismissing the complaint insofar as asserted against them. They appeal from so much of the Supreme Court's order as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging negligent entrustment. We affirm the order insofar as appealed from.

A parent owes a duty to protect third parties from clearly foreseeable harm arising from the child's improvident use or operation of a dangerous instrument, where such use is found to be subject to the parent's control (*see Rios v Smith*, 95 NY2d 647, 653 [2001]; *Nolechek v Gesuale*, 46 NY2d 332, 340 [1978]). The defendants failed to establish, prima facie, that the parents' entrustment of the car to Stephen was not negligent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, it is not necessary to consider the sufficiency of the plaintiffs' submissions (*see Chaplin v Taylor*, 273 AD2d 188 [2000]).

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.