■ JENNIFER COOK et al., Respondents, v ELAINE SCHAPIRO et al., Defendants, and MT. KISCO CHEVROLET CADILLAC, INC., Appellant. [871 NYS2d 714]—

In an action, inter alia, to recover damages for negligence and negligent entrustment, the defendant Mt. Kisco Chevrolet Cadillac, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.),

entered June 30, 2008, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Mt. Kisco Chevrolet Cadillac, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action for failure to state a cause of action is converted to one for summary judgment (*see* CPLR 3211 [c]), and that branch of the motion is granted.

A motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action may be treated as a motion for summary judgment where, as here, the parties have charted a course for summary judgment, and the questions presented are purely legal, even though formal notice to do so has not been given (*see New Franklin Nursing Home v Novello,* 297 AD2d 720 [2002]; *see also Kulier v Harran Transp. Co.,* 189 AD2d 803 [1993]). Under the circumstances of this case, the defendant Mt. Kisco Chevrolet Cadillac, Inc. (hereinafter the car dealership), established its entitlement to judgment as a matter of law on the second cause of action alleging negligent entrustment.

The plaintiffs' decedent was fatally injured when she was struck by a car which, at the time of the accident, was owned and operated by the defendant Elaine Schapiro. Two days earlier, Schapiro had purchased the car from the car dealership. The plaintiffs, the decedent's daughter and son, respectively, on behalf of themselves and the decedent's estate, commenced this action, inter alia, to recover damages for negligence and negligent entrustment against Schapiro, the car dealership, the Town of New Castle, and the County of Westchester. The second cause of action, which was styled as one for "NEGLIGENT COMMERCIAL TRANSACTION" and asserted against the car dealership alleged, in effect, that the car dealership's salesperson negligently entrusted the car to Schapiro despite his knowledge of her "various infirmities." At the time of the purchase, the then-80-year-old Schapiro signed a purchase agreement and provided the salesperson with her valid New York State driver's license, the registration for the Volkswagen motor vehicle she was replacing, and an insurance card indicating that insurance had been issued for the car as a replacement vehicle.

In support of the car dealership's motion, it submitted, inter alia, affidavits of its salesperson and billing agent as well as documentary evidence establishing that the salesperson and billing agent complied with the Vehicle and Traffic Law in timely registering the car and transferring ownership to Schapiro.

In opposition, the plaintiffs submitted voluminous police reports from the New Castle Police Department and supporting witness statements procured in connection with the accident. One supplemental police report stated that Schapiro's medical history indicated that she was on several medications including aspirin, but that her blood test analysis showed negative results for alcohol, "drugs of abuse," and prescription medication. A witness statement of a store clerk indicated that Schapiro told the clerk immediately before the accident that she was nervous driving the car, as it was new and unfamiliar to her. None of the submitted documents indicated that the car dealership's salesperson had any knowledge or awareness of any physical or mental impairment on the part of Schapiro that might render her unfit to operate a motor vehicle. Moreover, the salesperson unequivocally denied any such knowledge or awareness.

To establish a cause of action under a theory of negligent entrustment, "the defendant must either have some *special knowledge concerning a characteristic or condition peculiar to the [person to whom a particular chattel is given]* which renders [that person's] use of the chattel unreasonably dangerous . . . or some special knowledge as to a characteristic or defect peculiar to the chattel which renders it unreasonably dangerous" (*Zara v Perzan,* 185 AD2d 236, 237 [1992] [citations omitted and emphasis added]; *see Troncoso v Home Depot,* 258 AD2d 644 [1999]; *Bischoff v City of New York,* NYLJ, June 12, 2007, at 23 [Sup Ct, Kings County, Hinds-Radix, J.]; *see generally* Restatement [Second] of Torts: Negligence § 390). The threshold question, however, in any negligence action is whether the defendant owes a legally-recognized duty of care to the plaintiff (*see Hamilton v Beretta U.S.A. Corp.,* 96 NY2d 222, 232 [2001]).

The definition of the existence and scope of an alleged tortfeasor's duty presents a question of law reserved for the courts (*see Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 585 [1994]; *Eiseman v State of New York,* 70 NY2d 175, 189-190 [1987]). "A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control" (*D'Amico v Christie,* 71 NY2d 76, 88 [1987]). At bar, in the absence of any evidence whatsoever that the car dealership's salesperson possessed special knowledge concerning a characteristic or condition peculiar to Schapiro that rendered her use of the car unreasonably dangerous, there can be no viable cause of action alleging negligent entrustment. Thus, notwithstanding the tragic nature of the instant accident, but "mindful of the precedential, and consequential, future ef-

fects of [this] ruling" (*Lauer v City of New York*, 95 NY2d 95, 100 [2000]), we decline to impose on an automobile salesperson in a commercial transaction such as this a duty to assess the ability or mental or physical fitness of a customer to operate a motor vehicle that is beyond the ken of the average salesperson. Accordingly, the second cause of action should have been dismissed. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.