CHRISTINE MALDONADO et al., Appellants, v HUNTS POINT COOPERATIVE MARKET, INC., et al., Respondents, et al., Defendants. [918 NYS2d 433]—

Plaintiff Christine Maldonado was shot and injured by her boyfriend, Jose Machado, during a domestic dispute in their home. Machado used a revolver he had surreptitiously removed from Hunts Point Produce Market, where he worked as a security guard, and concealed before leaving work. After shooting Maldonado, Machado shot and killed himself.

None of ABS, Global, Linc or Hunts Point, in their different capacities, breached a duty to Maldonado that, if carried out, could have prevented her injuries. ABS was Machado's former employer but had no control over him in 2005, and it owed Maldonado no independent duty to protect her from Machado. Global and Linc, as successor corporations to ABS, stand in ABS's shoes, assuming their assumption of liabilities. Hunts Point, which apparently employed Machado and supplied him with a firearm for security purposes at its premises, had a degree of control over Machado's actions, but not to the extent of responsibility for his concealed removal of the revolver from the premises and use of it at his place of residence during a domestic dispute. Contrary to plaintiff's contention, the record evidence fails to raise a triable issue of fact whether Hunts Point was negligent in entrusting Machado with a weapon.

Even assuming that any or all of these defendants breached a duty of care owed to Maldonado, including a breach arising from the entrustment of a firearm to Machado, any such breach was not the proximate cause of Maldonado's injuries. Machado was not acting within the scope of his employment when he shot Maldonado, and his "independent intervening acts" arising out of their personal relationship severed any nexus between defendants' alleged negligence and her injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980] ["the question of legal cause may be decided as a matter of law . . . (where) independent intervening acts . . . operate upon but do not flow from the original negligence"]; *see e.g. Hoffman v City of New York*, 301 AD2d 573 [2003], *lv denied* 100 NY2d 501 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Acosta, De-Grasse and Richter, JJ.