OPINION OF THE COURT
Thomas P. Brown, J.
The parties do not dispute that, on July 2, 2006, Margaret Calhoun was driving a car with her son, David P Calhoun, as a front seat passenger when it collided with another car driven by defendant Darryl G. Allen. Both of the Calhouns were injured. Each of them filed a lawsuit alleging that defendant Allen caused the accident by negligently driving his vehicle across the centerline of the roadway, New York State Route 19 in Allegany County.
Allen had rented his car from Alamo Rental (US) Inc. (Alamo Rental), which in turn had leased it from Alamo Financing L.E, the titled owner. Each company has been made a defendant in the lawsuits, together with Alamo Rental’s parent company, Vanguard Car Rental USA Inc. (collectively, the Alamo defendants).
In plaintiff Margaret Calhoun’s case, the Alamo defendants have moved for summary judgment. They argue that they cannot be held vicariously liable for Allen’s negligence, and that they themselves were not negligent.
By an earlier decision and order entered December 18, 2008, this court denied Alamo Financing L.P’s first motion for summary judgment, with leave to renew after discovery was complete. On October 13, 2010, plaintiffs filed a note of issue with certificate that discovery was complete. Alamo Financing *174 L.E then renewed its motion. The motion was submitted to the court for decision after a conference in chambers on March 21, 2011.
Motions for summary judgment require the court to read all of the submitted pleadings and papers and determine whether they present triable issues of material fact. Finding such issues, as opposed to resolving them, is the key to this procedure. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) The evidence must be construed in a light most favorable to the non-moving party. (David D. Siegel, NY Prac § 281 [4th ed 2005], citing Weiss v Garfield, 21 AD2d 156 [3d Dept 1964].) Once the party moving for summary judgment has met its prima facie burden of showing an absence of issues of material fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]) the non-moving party must then point to triable issues of material fact in order to stave off summary judgment.
Alamo Financing L.E, Alamo Rental and Vanguard Car Rental are All Entitled to the Protection of the Graves Amendment
Alamo Financing L.E, Alamo Rental and Vanguard Car Rental have moved for summary judgment on the grounds that the Graves Amendment, codified at 49 USC § 30106, immunizes them from vicarious liability for plaintiffs’ injuries. The Graves Amendment, which took effect August 10, 2005, 10 months before the accident in this case, prevents states from holding car rental companies vicariously liable for injuries resulting from the vehicle’s operation. New York appellate courts have held that the Graves Amendment is a constitutional exercise of Congress’s Commerce Clause power, and that, as a consequence, it preempts Vehicle and Traffic Law § 388. (Graham v Dunkley, 50 AD3d 55 [2d Dept 2008].)
The Graves Amendment shields car rental companies from vicarious liability as a vehicle’s “owner,” but not from all liability. While they are not automatically liable for the negligence of the operator, they remain liable for their own negligence or criminal wrongdoing.
The term “owner” is defined by the statute as being not only the record owner or holder of title, but also a person who is a lessor or lessee of a motor vehicle, who is in the trade or business of renting or leasing motor vehicles. The statute also protects an “affiliate” of the owner, defined by the statute as a person other than the owner who controls, or is controlled by, the owner, or who is under the common control with the owner *175 of a third person. “Control” is specifically defined as including the ownership of corporate securities. Thus, the statute specifically defines an “affiliate” as being the corporate parent or subsidiary of the owner, or a corporation that is controlled by the parent corporation of an owner.[1]
Plaintiffs dispute that the Alamo defendants have shown themselves to be entitled to the protection of the Graves Amendment. Specifically, plaintiffs allege that Alamo Financing L.E has not been shown to be an owner or affiliate because it did not rent a vehicle to codefendant Allen.
The Alamo defendants rely upon the affidavit of Clark Dubin to establish that each Alamo defendant is entitled to the protection of the Graves Amendment. Mr. Dubin is the director of claims for the corporate claims administrator for all three Alamo defendants. His affidavit states that Alamo Financing L.E was “a lawful owner” of the vehicle operated by defendant Allen on the date of the accident, and that Alamo Financing L.E. had leased the vehicle operated by defendant Allen to Alamo Rental, which in turn rented the vehicle to Allen. It also states that Alamo Rental was a corporate subsidiary of Vanguard.
On the issue whether the Alamo defendants are entitled to the protection of the Graves Amendment, the court deems Mr. Dubin’s affidavit to be sufficient to require plaintiffs to offer proofs to the contrary. Plaintiffs have not submitted any proofs in admissible form that contradict Mr. Dubin’s affidavit.
The court concludes that there are no issues of fact whether any of the three Alamo defendants are entitled to the protection of the Graves Amendment. On the proofs submitted, all three of them are. Alamo Financing L.E is the “owner” of the vehicle operated by defendant Allen because it held title to that vehicle and leased the vehicle to Alamo Rental, which qualifies as a “person” under the broad definition set forth in the statute.[2] Alamo Rental is also an “owner” of that vehicle because it was the lessee of that vehicle and was in the business of renting motor vehicles. Vanguard is an affiliate of an owner, and therefore also entitled to protection, because Alamo Rental is an owner of that vehicle and was a subsidiary of Vanguard, and Vanguard was in the business of leasing automobiles.
*176 Alamo Financing L.B, Alamo Rental and Vanguard are Entitled to Summary Judgment on Plaintiffs’ First Cause of Action Because the Graves Amendment Immunizes Them from Vicarious Liability
Plaintiffs’ first cause of action alleges that plaintiff Margaret Calhoun’s injuries were caused by defendant Allen’s negligent operation of the Alamo defendants’ motor vehicle and that the Alamo defendants are liable under a “respondeat superior” theory. For the benefit of the non-moving party, the court will assume, arguendo, that Allen was negligent. But whether plaintiffs’ first cause of action against the Alamo defendants is premised upon “respondeat superior,” Vehicle and Traffic Law § 388, or any other theory of vicarious liability, the Alamo defendants are immunized from liability because the court has found that they are owners or affiliates protected by the Graves Amendment. Accordingly, they are entitled to summary judgment on plaintiffs’ first cause of action.
Alamo Financing L.P and Vanguard Car Rental are Entitled to Summary Judgment on Plaintiffs’ Second and Third Causes of Action Because They Have Shown Themselves to be, as a Matter of Law, Free from Negligence or Criminal Wrongdoing in Connection with Allen’s Operation of the Vehicle
Assuming, arguendo, that Allen’s negligence caused plaintiffs’ injuries, then the Alamo defendants could still be held liable, notwithstanding the Graves Amendment, if they negligently or criminally entrusted Allen with a vehicle. This is the gravamen of plaintiffs’ second cause of action.
To state a cause of action for negligent entrustment, plaintiffs must allege that a defendant owned or had control over a vehicle and was negligent' in entrusting it to one he knew, or in the exercise of ordinary care should have known, was incompetent to operate it. (Bennett v Geblein, 71 AD2d 96 [4th Dept 1979].) For years, New York case law on negligent entrustment was “sparse” inasmuch as Vehicle and Traffic Law § 388 used to make the vehicle owner automatically liable for damages caused by the vehicle’s operator, if he had the owner’s consent, regardless of whether the owner negligently entrusted the vehicle to the operator. (Id. at 98.) But in the wake of the Graves Amendment’s preemption of such automatic liability, the courts will doubtlessly be called upon to consider this cause of action more frequently.
*177 The Alamo defendants have argued that negligent entrustment claims lie only against owners, and that since Alamo Rental and Vanguard do not hold legal title to the vehicle operated by defendant Allen, no negligent entrustment claims may lie against them. But case law holds that persons who have custody or control of a motor vehicle, not just vehicle owners, may also be found liable for negligent entrustment. (Pacho v Enterprise Rent-A-Car Co., 572 F Supp 2d 341 [SD NY 2008], citing Bennett; Palacios v Aris, Inc., 2010 WL 933754, 2010 US Dist LEXIS 22984 [ED NY, Mar. 11, 2010, No. 08-CV-0746 (JFB)(AKT)], citing Bennett.) The court concludes that Alamo Rental or Vanguard could be liable for negligently entrusting Allen with a vehicle, even though they were not owners, if they were shown to be in control of the vehicle at the time it was rented to Allen.
Even so, the Alamo defendants have come forward with proofs in admissible form, and have thereby made a prima facie showing, that Alamo Financing L.E and Vanguard played no role in renting a vehicle to Allen. According to the affidavit of Clark Dubin,[3] corporate records show that “the corporate entity that entered into the rental agreement with Mr. Allen at the Rochester Airport was Alamo Rental (US) Inc.” Plaintiffs have not submitted affidavits or other proofs in admissible form that would tend to show that either Alamo Financing L.E or Vanguard rented a car to Allen, entrusted Allen with a car, or assisted any other entity in doing so.[4] The court concludes that plaintiffs were required, and have failed, to point out triable issues of fact upon which the liability of Alamo Financing L.E or Vanguard depends. Accordingly, these defendants should be granted summary judgment on plaintiffs’ second cause of action.
Moreover, since the third cause of action in plaintiffs’ amended complaint, for loss of consortium, is premised upon a defendant’s liability on either the first or second cause of action, Alamo Financing L.E and Vanguard are entitled to summary judgment on that cause of action as well.
*178 Alamo Rental Inc.’s Motion for Summary Judgment on the Plaintiffs’ Second and Third Causes of Action Should be Denied Because it Has Failed to Show That No Issues of Material Fact Exist Whether it Negligently Entrusted Allen with a Vehicle
1. Alamo Rental Has Not Shown That Allen Had a Valid New York State Driver’s License When it Rented a Car to Him
Even though the Graves Amendment protects Alamo Rental from vicarious liability, it does not protect it from its own liability if Alamo Rental was negligent or criminal in renting the vehicle to Allen.
Alamo Rental admits renting the vehicle to Allen. Alamo Rental did not hold legal title to the vehicle it rented to Allen, but leased the vehicle from the titled owner, Alamo Financing L.E Nevertheless, Alamo Rental may be held liable for negligent entrustment because facts not in dispute indicate it exercised control over the vehicle.
Alamo Rental denies that it was negligent or otherwise culpable in renting the vehicle to Allen. On this issue, the parties disagree as to the duty or standard of care owed by a car rental company. Alamo Rental insists that its only duty is to ascertain whether the driver has a “facially valid driver’s license.” Plaintiffs insist that Alamo Rental “should be obligated to do more than merely verify the renter of a potentially dangerous instrument has a facially valid driver’s license from any state.” The parties do not dispute that, at the time Alamo Rental rented a vehicle to Allen, Allen produced a facially valid driver’s license issued by the State of California.[5] Alamo Rental claims that not only was Allen’s license “facially valid,” but that it was “valid and un-suspended as demonstrated by the DMV records.”[6] Plaintiffs have not placed these documents in issue. Thus, it is undisputed that Allen possessed a legally valid, as well as facially valid, driver’s license from the State of California.
It is also undisputed that Alamo Rental rented Allen a vehicle at the Rochester, New York, airport and that at the time of the accident, Allen was operating the vehicle in Allegany County, State of New York. Plaintiffs have produced a “New York State DMV Printout” showing that defendant Allen’s New York State
*179 driver’s license had been revoked in 1988 for “3 speeds/Misdem 18 Mo.”[7] In his deposition, defendant Allen testified that “I believe when I came to New York in 1987 that I got a New York license,” and in response to the question, “To your knowledge, has the New York license ever been suspended?,” replied, “Yes, I think in the spring of 1988,1 got two, I know one of them was a speeding ticket. I presume the other one was.”[8]
Nonresidents of the State of New York have a privilege to drive there and are exempted from its driver’s license requirement if they have a valid out-of-state license, but this exemption does not apply to persons whose “former license to drive in this state[ ] has been suspended or revoked.” (See Vehicle and Traffic Law § 250 [2].) Vehicle and Traffic Law § 510 (2) (a) (iv) requires revocation of a driver’s license whose holder has been convicted of three speeding violations within 18 months. Such revocations, as opposed to suspensions, remain in effect indefinitely. (See Rose, New York Vehicle and Traffic Law § 11:1 [2d ed 2011].)
The court concludes that Alamo Rental has failed to show there are no issues of fact whether Allen possessed a valid New York State driver’s license when it rented a vehicle to him.
2. On a Cause of Action for Negligent Entrustment, the Operator’s Possession Vel Non of a Legally Valid New York State Driver’s License is a Fact Relevant to the Material Issue of the Operator’s Competence, and by That Criterion, Alamo Rental Has Failed to Show That Allen was a Competent Driver
The Alamo defendants argue that the operator’s possession of a legally valid driver’s license is not relevant on the issue of negligence. With respect to the negligence of a vehicle’s operator, the court agrees. (Kenneth v Gardner, 36 AD2d 575 [4th Dept 1971]; Huff v Rodriguez, 88 AD3d 1274 [4th Dept 2011], citing Phass v MacClenathen, 274 App Div 535 [3d Dept 1948].)
However, on the issue of negligent entrustment, New York courts have consistently considered the operator’s possession vel non of a legally valid New York State driver’s license to be relevant to the material issue whether he was competent to be entrusted with an automobile by the owner: Nolechek v Gesuale (46 NY2d 332 [1978]); Alfano v Marlboro Airport (85 AD2d 674 [2d Dept 1981]); Cone v Williams (182 AD2d 1102 [4th Dept 1992]); Byrne v Collins (77 AD3d 782 [2d Dept 2010]); Guay v *180 Winner (189 AD2d 1081 [3d Dept 1993]); Hummel v County of Nassau (57 AD3d 485 [2d Dept 2008]); Faller v A. Drive Auto Leasing Sys. (47 AD2d 530 [2d Dept 1975]); Cook v Schapiro (58 AD3d 664 [2d Dept 2009]); and Weinstein v Cohen (179 AD2d 806 [2d Dept 1992]).
Moreover, in deciding whether an unlicensed driver was competent, New York courts have distinguished between the relevance of license revocations or restrictions for reasons pertaining to the safe operation of vehicles (Martin v Alabama 84 Truck Rental, 38 AD2d 577 [2d Dept 1971]), and those unrelated to that objective (e.g. Conte v Aprea, 23 AD3d 225 [1st Dept 2005]; White v Molinari, 160 AD2d 302 [1st Dept 1990]).
Alamo Rental argues that General Business Law § 396-z defines a standard of care for car rental companies and that courts should not create a different one. The court views this statute as regulating car rental companies for the protection of consumers, and not as defining a standard of care for the protection of third parties from car rental companies and the persons who rent from them. Still, Alamo Rental submits that the statute “only requires that the renter have a driver’s license,” and as long as this is understood to mean that renters in New York State must have a valid license or privilege to operate a vehicle in this state, then there is no conflict between that statute and case law.
In deciding whether Alamo Rental is entitled to summary judgment on plaintiffs’ negligent entrustment claim, the court must consider whether Alamo Rental has shown, as a matter of law, that it neither knew, nor in the exercise of ordinary care could have known, that Allen was an incompetent driver. (Bennett v Geblein.)
Alamo Rental has submitted no proofs showing that Allen was a licensed driver in the State of New York. Plaintiffs’ proofs show that Allen’s New York driver’s license or privilege was revoked for speeding at the time Alamo Rental entrusted him with a vehicle. Alamo Rental has failed to show there are no triable issues of fact on the material issue of whether Allen was a competent driver.
3. On a Cause of Action for Negligent Entrustment, Whether Alamo Rental, in the Exercise of Ordinary Care, Should Have Known That Allen was an Incompetent Driver is a Triable Issue of Fact
Alamo Rental contends that it conformed to the applicable standard of care by asking codefendant Allen to produce a *181 driver’s license and by inspecting the same to determine whether it was “facially valid.” Because it is not disputed that it did so, Alamo Rental claims that it is entitled to summary judgment on plaintiffs’ claim for negligent entrustment.
Alamo Rental specifically denies having any “duty to conduct background checks on renters beyond inspecting a driver’s license to make sure it was valid, unexpired and was for the renter.”[9] In other words, Alamo Rental claims that, even if it rented a car to defendant Allen in New York State when Allen’s New York driver’s license was revoked for speeding, it was not negligent because it inspected Allen’s California driver’s license and determined it was facially valid.
But in order to prevail on summary judgment, Alamo Rental must show, as a matter of law, that it did not know, or in the exercise of ordinary care could not have known, that Allen was an incompetent driver. For purposes of analyzing whether Alamo Rental has carried this burden, the court will give the nonmoving party the benefit of all permissible inferences, one of them being that Allen was an incompetent driver because his New York driver’s license was revoked for speeding. The court concludes that Alamo Rental has failed to make this showing.
A trier of fact might well conclude that Alamo Rental’s procedure was inadequate to ensure that Allen was a licensed New York State driver, and was therefore not an exercise of ordinary care to ensure he was a competent driver. First, a driver’s license may be suspended or revoked because of the driver’s incompetence, and yet the physical license may remain in possession of the holder and appear valid on its face. Second, the possession of a valid driver’s license in one state does not ensure that its holder has a valid license or privilege in New York State. Since vehicle and traffic laws vary from state to state, a licensed driver deemed competent by one state may not be able to qualify for a license in another.
Other procedures are available to ascertain whether an operator has a valid domestic driver’s license or privilege. For example, New York State Department of Motor Vehicles regulations[10] provide for public access to certain DMV information. [11] The records can be accessed with either a New York State *182 driver’s license number or with a name and date of birth. The records show whether a person’s New York State driver’s license or privilege is suspended or revoked, together with any violations or restrictions. The records can be accessed for a small fee, once an account is established. Access is available on a “dial up” basis.[12]
The cases relied upon by Alamo Rental to show that it is entitled to summary judgment on a negligent entrustment claim are distinguishable from the case at bar. In Vedder v Cox (18 Misc 3d 1142[A], 2008 NY Slip Op 50408[U] [Sup Ct, Nassau County 2008]), the court found that the only basis for plaintiffs claim against defendants Enterprise Rent-A-Car, ELRAC and ELCO was Vehicle and Traffic Law § 388, which it ruled was preempted by the Graves Amendment, and that there was no proof that defendant Bryan Cox’s license or privilege to drive was suspended or revoked. In Sigaran v ELRAC, Inc. (22 Misc 3d 1101[A], 2008 NY Slip Op 52569[U] [Sup Ct, Bronx County 2008]), plaintiffs failed to allege that codefendant Fernandez lacked a valid license or privilege to drive in New York. In Cook v Schapiro (58 AD3d 664 [2d Dept 2009]), it was uncontroverted that Schapiro, to whom the car was entrusted, had a “valid New York State driver’s license.” (Id. at 665.) Such is not the case here.
In this case, whether Alamo Rental’s procedure of inspecting a physical driver’s license for facial validity constituted an “exercise of ordinary care” to ensure that its holder has a valid license or privilege in this state remains a triable issue of fact.
Alamo Rental’s Motion for Summary Judgment on Plaintiffs’ Second and Third Causes of Action Should be Denied Because it Remains a Triable Issue of Fact Whether its Conduct was a Proximate Cause of Plaintiffs’ Injuries
Alamo Rental further contends that, even assuming, arguendo, it negligently entrusted a car to Allen, it is still entitled to summary judgment because its conduct, as a matter of law, could not be a proximate cause of plaintiffs’ injuries. Alamo Rental argues that there is no causal nexus between its conduct and Allen’s having fallen asleep at the wheel, which it claims was the sole proximate cause of the accident.
In negligent entrustment cases, plaintiffs often accuse two defendants of two separate acts of negligence, and the actor *183 more remote from the injury may understandably attempt to defend on causation. But even in such cases, “[q]uestions concerning. . . proximate cause are generally . . . for the jury.” (Kolodziejczak v Kolodziejczak, 83 AD3d 1377, 1378 [4th Dept 2011].) An exception is where “independent intervening acts . . . operate upon but do not flow from the original negligence.” (Maldonado v Hunts Point Coop. Mkt., Inc., 82 AD3d 510, 511 [1st Dept 2011], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980].)
Alamo Rental has not identified any independent intervening act by Allen that would sever the causal link between Alamo Rental’s conduct and plaintiffs’ injuries. Assuming that Alamo Rental was negligent in renting a car to Allen on June 20, 2006 because Allen was not competent to drive, and that, as Alamo Rental contends, the more immediate cause of the accident on July 2, 2006 was Allen falling asleep at the wheel, the court cannot conclude, as a matter of law, that Alamo Rental had no causal responsibility for the accident. Alamo Rental has not shown that, under these circumstances, Allen’s conduct was of a kind that was completely unforeseeable at the time it rented the car to him. Absent such a showing, or the identification of an independent intervening act, the issue of proximate cause hinges on foreseeability, and is a question for the jury. (Earsing v Nelson, 212 AD2d 66 [4th Dept 1995].)
Upon the foregoing authorities, and for the reasons stated, Alamo Rental’s motion for summary judgment on plaintiffs’ second and third causes of action should be and hereby is denied.

. See 49 USC § 30106 (d) (1), (2).

. See 49 USC § 30106 (d) (3).

. See affirmation of J. Jay Young, Esq., exhibit U.

. As a matter of law, Vanguard’s liability cannot be solely predicated upon its ownership of its subsidiary, Alamo Rental Inc. (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163 [1980].)

. See affirmation of J. Jay Young, Esq., exhibit S.

. See id., exhibit R, “Certified Identification of Driver by California Department of Motor Vehicles.”

. See affirmation of Michele A. Braun, Esq., exhibit J.

. See affirmation of J. Jay Young, Esq., exhibit K.

. See reply affirmation of J. Jay Young, Esq.

. The court may take judicial notice of New York State’s executive and administrative rules and regulations. (Jerome Prince, Richardson on Evidence § 2-307 [Farrell 11th ed 1995].)

. See 15 NYCRR part 161 et seq.

. See New York State Department of Motor Vehicles, Getting Started with DIAL-IN, MV-15DIAL (Mar. 2011).